UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| THE ESTES LAW FIRM on behalf of itself and for all others similarly situated, | § § § § | |
| Plaintiffs, | § § | CIVIL ACTION NO. 4:21-CV-00498 |
| V. | § § | JURY |
| ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY, MARC CHAPMAN, RHONDA GUITREAU, and JANA SCHIEBER, | § § § § § § | |
| Defendants. | § | |

**ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY'S**
**FEDERAL NOTICE OF REMOVAL**

Under 28 U.S.C. §§ 1441, 1446, and 1453 Defendant, Allstate Fire and Casualty Insurance Company ("Allstate" or "Defendant"), files its Notice of Removal to the United States District Court for the Southern District of Texas, Houston Division, based on the Class Action Fairness Act ("CAFA") diversity of citizenship, and improper joinder, and respectfully shows the Court the following:

**I.   PROCEDURAL BACKGROUND**

1.     On January 14, 2021, Plaintiff, The Estes Law Firm, on behalf of itself and for all other similarly situated Plaintiffs ("The Estes Law Firm" or "Plaintiff"), filed its Original Petition in a case styled *The Estes Law Firm on behalf of itself and for all others similarly situated v. Allstate Fire and Casualty Insurance Company, Marc Chapman, Rhonda Guitreau, and Jana Schieber*, Cause No. 2021-02383, in the 157th District Court in Harris County, Texas. Plaintiff asserts that three medical vendors Allstate hired to assess and prepare counter-affidavits pursuant to section 18.001 of the Civil Practice and Remedies Code to contest the reasonableness and necessity of

1

certain medical expenses claimed as damages in personal injury lawsuits were, in actuality, retained to improperly harass and defraud Plaintiff and the purported class members. Plaintiff bases its accusations of fraud and conspiracy on the allegation that Allstate continues to use these medical vendors even though their counter-affidavits have sometimes been struck or their testimony has been otherwise excluded by trial courts in the underlying personal injury cases.

2. Allstate received a copy of Plaintiff's Original Petition on or about January 19, 2021. The same day, on January 19, 2021, Plaintiff filed an Amended Petition. *See Amended Petition.*

3. Allstate files this Notice of Removal within 30 days of receiving Plaintiff's Original Petition. *See* 28 U.S.C. § 1446(b). Defendant files this Notice of Removal within one year of Plaintiff's commencement of this lawsuit. *See id.*

4. All pleadings, process, orders, and other filings in the state court action are attached to this Notice as required by 28 U.S.C. § 1446(a).

5. Attached hereto are copies of the following documents:

- **Exhibit 1:**   The State Court's Docket Sheet;
- **Exhibit 2:**   Plaintiff's Original Petition;
- **Exhibit 3:**   Plaintiff's Second Amended Petition;
- **Exhibit 4:**   Citations served on Defendants;
- **Exhibit 5:**   List of Parties and Counsel.

**I.   This court has subject matter jurisdiction over the action under CAFA.**

6. Under CAFA, this Court has jurisdiction over the putative class action because: (1) the putative class exceeds 100 members; (2) at least one member of the proposed class has different citizenship from Allstate; (3) the amount in controversy exceeds $5 million in the aggregate for the entire class, exclusive of interest and costs; and (4) the exceptions to CAFA do not apply here. *See* 28 U.S.C. § 1332(d).

### A. The putative class size exceeds 100 members.

7. Under CAFA, the proposed class must consist of at least 100 persons. *See* 28 U.S.C. § 1332(d)(5). Plaintiff's Petition seeks to certify the following class:

> All law firms in the State of Texas who represented clients in cases against Allstate and Allstate's counsel and spent time and resources responding to improper controverting affidavits filed by Chapman, Guitreau, and/or Schieber

Compl. ¶ 11. Plaintiff further alleges that the putative class exceeds 10,000 members and "joinder of all members would be impracticable." *Id.* ¶ 13. Plaintiff alleges that the Class Period dates back four (4) years (or the length of the longest applicable statute of limitations for any claim asserted). Accordingly, this matter satisfies CAFA's requirement that the putative class size exceeds 100 members.

### B. There is minimal diversity sufficient to establish CAFA jurisdiction.

8. Under CAFA, there must also be minimal diversity, which exists where at least one putative class member is a citizen of a different state than any defendant. *See* 28 U.S.C. § 1332(d)(2).

9. Allstate is organized under the laws of the State of Illinois, and has its principal place of business in Illinois, and is a citizen of Illinois for diversity purposes. *See* 28 U.S.C. § 1332(c)(1).

10. Plaintiff is a citizen of Texas. *See* Compl. ¶ 3.

11. Thus, CAFA's requirement of minimal diversity is satisfied here. *See* 28 U.S.C. § 1332(d)(2)(A).

### C. The $5 Million amount-in-controversy requirements for jurisdiction under CAFA is satisfied.

12. Under CAFA, the aggregate amount in controversy must exceed $5 million for the entire putative class, exclusive of interest and costs. *See* 28 U.S.C. § 1332(d)(2). "[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the

jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014). "Where the plaintiff has not alleged a specific amount of damages, the defendant seeking removal must establish by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional minimum." *S. Fla. Wellness, Inc. v. Allstate Ins. Co.*, 745 F.3d 1312, 1315 (11th Cir. 2014).

13. In analyzing the amount in controversy, "[a] court may rely on evidence put forward by the removing defendant, as well as reasonable inferences and deductions drawn from that evidence, to determine whether the defendant has carried its burden." *S. Fla. Wellness, Inc.*, 745 F.3d at 1315. A removing defendant may introduce "affidavits, declarations, or other documentation" to support its position that the amount of controversy exceeds the jurisdictional minimum. *Jones v. Novartis Pharm. Co.*, 952 F. Supp. 2d 1277, 1283 (N.D. Ala. 2013); *see also Pretka*, 608 F.3d at 755.

14. The amount in controversy "is less a prediction of how much the plaintiffs are ultimately likely to recover than it is an estimate of how much will be put at issue during the litigation; in other words, the amount is not discounted by the chance that the plaintiffs will lose on the merits." *S. Fla. Wellness, Inc.*, 745 F.3d at 1315 (internal quotation marks omitted); *see also McDaniel v. Fifth Third Bank*, 568 F. App'x 729, 731 (11th Cir. 2014) ("There is no doubt that, when analyzing the amount in controversy, the district court is precluded from inquiring into the amount a party is likely to receive on the merits").

15. The $5 million amount in controversy requirement is satisfied based on Plaintiff's pleaded facts. Plaintiff alleges the aggregate amount of putative class members is more than 10,000 individuals; (b) this equates to approximately a minimum of $500 each law firm (5M / 10,000 = $500) purported spent in legal work/damages; and (c) while the approximate figure of $5 million

is both over-inclusive and under-inclusive there is no doubt that under plaintiffs' theories the amount of legal work and effort each purported class member allegedly suffered during the past four years exceeds $5 million. Accordingly, the total amount of alleged compensatory damages exceeds CAFA's $5 million jurisdictional threshold.

        **D.**    **The exceptions to CAFA do not apply to this case.**

16.    CAFA provides two mandatory exceptions to the application of federal jurisdiction and one discretionary exception. *See* 28 U.S.C. § 1332(d)(3)-(4). These exceptions require the presence of a non-diverse in-state defendant. 28 U.S.C. § 1332(d)(3)-(4) (requiring either "significant relief" to be sought from an in-state defendant (local controversy exception) or requiring the "primary defendant" to be an in-state defendant (home state exception)). Here, Allstate is *not* an in-state defendant. Instead, Allstate is a foreign insurer, as it is a citizen of the State of Illinois. Moreover, as set forth in Plaintiff's live pleadings and the arguments above, Allstate is the only common, primary, defendant in this lawsuit with respect to each of the purported class members. Therefore, the exceptions to CAFA do not apply to this matter.[1] Accordingly, because Allstate has demonstrated that all CAFA jurisdiction prerequisites have been met and none of the exceptions apply, this matter is appropriately removable under CAFA.

        **II.**    **Plaintiff Improperly Joined Medical Service Providers Retained by Allstate.**

17.    To the extent the Court finds that CAFA does not apply, the medical vendor defendants are also improperly joined, and their citizenship should be disregarded. Indeed, removal is proper based on diversity of citizenship under 28 U.S.C. §§ 1332(a)(1), 1441(a), and 1446.

        **A.**    **Plaintiff and Defendant Allstate are diverse.**

18.    Plaintiff, the Estes Law Firm, is a resident and citizen of Houston, Texas.

---

[1] The exceptions to CAFA would also fail for other reasons, and Allstate reserves the right to raise all defenses in the event that Plaintiff attempts to satisfy his burden of asserting the CAFA exceptions.

19. Defendant, Allstate is a citizen of Illinois.

20. Thus, this lawsuit is between citizens of different states, and there is complete diversity of citizenship between Plaintiff and Allstate.

### B. Plaintiff improperly joined Defendants in this lawsuit.

21. The defendant medical vendors, Marc Chapman, Rhonda Guitreau, and Jana Schiber ("medical vendors"), are improperly joined in this action and are not proper parties to this lawsuit pursuant to 28 U.S.C. §§ 1332(a)(1), 1441(a), and 1446. Consequently, the Court should disregard the medical vendors' Texas citizenship to evaluate diversity in this matter. The doctrine of improper joinder ensures that the presence of improperly joined, non-diverse defendants does not defeat federal removal jurisdiction premised on diversity. *See Borden v. Allstate Ins. Co.*, 589 F.3d 168, 171 (5th Cir. 2009). The removing party bears the burden of demonstrating improper joinder. *See id.* (citing *Griggs v. State Farm Lloyds*, 181 F.3d 694, 699 (5th Cir.1999)).

22. The Fifth Circuit explained that a removing party can establish improper joinder by demonstrating either: "(1) actual fraud in the pleading of jurisdictional facts, or (2) the inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir.2004) (*en banc*). Under the second method, the test for improper joinder that the Fifth Circuit's *en banc Smallwood* decision unequivocally adopted is whether the defendant has demonstrated that "there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Id.* at 573.

23. A court may resolve whether a plaintiff has a reasonable basis of recovery in one of two ways. *Id.* "The court may [either] conduct a Rule 12(b)(6)-type analysis . . . [or], in its discretion, pierce the pleadings and conduct a summary inquiry." *Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Group, Ltd.*, 818 F.3d 193, 198 (5th Cir. 2016) (quoting *Smallwood*, 385 F.3d at

6

573). "Certainly, a court may choose to use either one of these two analyses, but it must use one and only one of them, not neither or both." *Id.* at *7.

24. If a court chooses to apply the 12(b)(6) analysis, then it will initially look "at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant." *Smallwood*, 385 F.3d at 573. However, in *Int'l Energy Ventures Mgmt., L.L.C.*, the Fifth Circuit opined that this particular language of *Smallwood* "must not be read to imply that a state pleading standard applies." *Int'l Energy Ventures Mgmt., L.L.C.*, at *7. The court further stated, "the *Smallwood* opinion unequivocally announced its own test for improper joinder under the second 'way' immediately thereafter," which did not include the in-state court language.[2] *Id.* Thus, if a federal court chooses to conduct a Rule 12(b)(6)-type analysis to determine whether there is no reasonable basis for predicting that a plaintiff might be able to recover against a non-diverse defendant, then the court must "apply the federal pleading standard embodied in that analysis." *Id.* at *8. Because "the Rule 12(b)(6) analysis necessarily incorporates the federal pleading standard articulated in *Bell Atlantic Corp. v. Twombly*: To pass muster under Rule 12(b)(6), [a] complaint must have contained enough facts to state a claim to relief that is plausible on its face." *Id.* at *3 (quoting *Reece v. U.S. Bank Nat'l Ass'n*, 762 F.3d 422, 424 (5th Cir. 2014);*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007)) (internal quotation marks omitted).

25. Additionally, "merely pleading a valid state law claim . . . against the resident defendant does not mean that the joinder of the resident defendant is not fraudulent . . . ." *Hornbuckle v. State Farm Lloyd's*, 385 F.3d 538, 542 (5th Cir. 2004).

---

[2] The *Smallwood* test does not mention a state pleading standard. *See Smallwood*, 385 F.3d. at 573.

26. Here, Plaintiff fails to offer any specific, actionable facts to support its claims against the medical vendor defendants for the testimony they provided in the underlying cases. Disregarding Texas's longstanding litigation privilege, which applies to communications made by parties and witnesses in the course of judicial proceedings, Plaintiff asserts fraud and conspiracy claims against Allstate and the medical vendor defendants based on Allstate's use of a statutory, purely procedural mechanism to serve controverting affidavits to contest the reasonableness and necessity of medical expenses claimed by a Texas personal-injury plaintiff. *In re Hinterlong*, 109 S.W.3d 611, 636 (Tex. App.—Fort Worth 2003, no pet.) ("Because the proper administration of justice requires full and free disclosure from witnesses unhampered by fear of retaliatory lawsuits, Texas courts have consistently applied the privilege to claims arising out of communications made in the course of judicial proceedings, regardless of the label placed on the claim and even though the communications might otherwise subject a witness to statutory liability."); *Crain v. Unauthorized Practice of Law Comm. of the Sup. Ct. of Tex.*, 11 S.W.3d 328, 335 (Tex. App.—Houston [1st Dist.] 1999, pet. denied) ("This Court has held that the judicial privilege is not limited to claims of libel or slander, and it should be applied to claims arising out of communications made in the course of judicial proceedings, regardless of the label placed on the claim."); *Martin v. Darnell*, 960 S.W.2d 838, 845 (Tex. App.—Amarillo 1997, no pet.) (noting that it is a "well established rule granting witness immunity from civil liability for statements made in a judicial proceeding"). Section 18.001 of the Civil Practice and Remedies Code, at issue here, is, in essence, an exception to the hearsay rule that allows Plaintiffs to prove, by affidavit, the reasonableness and necessity of charges and permits the use of otherwise inadmissible hearsay to support findings of fact by the trier of fact. But the exception to the hearsay rule applies only when no controverting affidavit is served:

> Unless a controverting affidavit is served as provided by this section, an affidavit that the amount a person charged for a service was reasonable at the time and place that the service was provided and that the service was necessary is sufficient evidence to support a finding of fact by judge or jury that the amount charged was reasonable or that the service was necessary.

TEX. CIV. PRAC. & REM. CODE ANN. § 18.001(b).

27. Even when the hearsay exception under section 18.001(b) applies and the uncontroverted affidavit is admitted into evidence at trial, it is not conclusive evidence of the amount of recoverable damages for past medical expenses. *Ten Hagen Excavating, Inc. v. Castro-Lopez*, 503 S.W.3d 463, 491-92 (Tex. App.—Dallas 2016, pet. denied).

28. Plaintiff cites several cases in their petition where counter-affidavits prepared by the named medical vendors or the expert testimony of the defendant medical vendors were purportedly stricken because the medical vendors were deemed "not qualified" to render an opinion on the reasonableness or necessity of the medical expenses at issue in the underlying case. Plaintiffs complain that they incurred the expense of having to prove the reasonable and necessary fees incurred by the underlying personal injury plaintiff beyond Section 18.001's hearsay exception.[3] That Plaintiffs successfully challenged the qualification or reliability of the defendant medical vendors retained by Allstate does not articulate a reasonable basis to support allegations of fraud or conspiracy. In effect, Plaintiffs fraud and conspiracy claims complain about Allstate's reasonable and proper use of a procedural tool for streamlining proof of medical expenses that is widely used by Plaintiffs and Defendants alike in personal injury litigation.

29. Indeed, it is the plaintiff's burden to prove reasonableness and necessity of medical expenses in a personal injury action. *See generally Texarkana Mem. Hosp., Inc. v. Murdock*, 946 S.W.2d 836, 840 (Tex. 1997). In such a case, a claim for past medical expenses must be supported

---

[3] Plaintiff makes no mention of the cases and orders finding the named medical vendors qualified to render medical affidavits.

by legally sufficient evidence that the plaintiff's injuries were caused by the defendant's negligence, the medical treatment was necessary, and the charges were reasonable. *See id.*; *see also Walker v. Ricks*, 101 S.W.3d 740, 746 (Tex. App.—Corpus Christi 2003, no pet) (holding that a "claim for past medical expenses must be supported by evidence that such expenses were reasonably necessary for the plaintiff to incur as a result of her injuries."); *Transport Concepts, Inc. v. Reeves*, 748 S.W.2d 302, 305 (Tex. App—Dallas 1988, no writ). Texas Civil Practice and Remedies Code section 18.001(c)(2)(B) permits claimants to prove the reasonableness and necessity of charges by an affidavit provided by a nonexpert custodian. TEX. CIV. PRAC. & REM. CODE ANN. § 18.001(c)(2)(B). Section 18.001(f) authorizes defendants to contest the claims made in the initial affidavit but requires that a counter-affidavit be made by a person qualified to testify in contravention about matters contained in the initial affidavit. *Id.* § 18.001(f). Section 18.002 sets out a form for an affidavit regarding cost and necessity of services but provides no form for a counter-affidavit. *Id.* § 18.002. Because the text of the statute imposes different requirements on a counter-affidavit than those applicable to an initial affidavit, many Texas courts have stated that section 18.001(f) places "a greater burden of proof on counter-affidavits to discourage their misuse . . . ." *See, e.g.*, *Turner v. Peril*, 50 S.W.3d 742, 747 (Tex. App.—Dallas 2001 pet. denied).

30.     In considering the adequacy of an initial affidavit under 18.001, the Supreme Court of Texas held in *Gunn v. McCoy*, that insurance subrogation agents are qualified to use databases aggregating medical treatments and corresponding fees to create affidavits regarding the reasonableness and necessity of a plaintiff's medical expenses. 554 S.W.3d 645, 674-75 (Tex. 2018). The Court noted that the "plain language of [S]ection 18.001(c)(2)(B) **does not require that the affidavits be made by a records custodian *for a medical provider*.**" *Id.* at 672 (emphasis in original). The Court further emphasized that "insurance companies keep records and databases

of both the list prices and the actual prices of specific treatments and procedures." *Id.* at 673. As a result, "with national and regional bases on which to compare prices actually paid, insurance agents are generally well-suited to determine the reasonableness of medical expenses." *Id.* Relying on *Gunn*, the Tyler Court of Appeals in *In re Brown* held that a nurse—indeed one of the very medical vendors sued herein—was qualified for the purposes of section 18.001(f) to render an opinion on the reasonableness of medical expenses because of her knowledge and experience with databases for medical costs, medical coding, and billing practices. *In re Brown*, 12-18-00295-CV, 2019 WL 1032458, at *3 (Tex. App.—Tyler Mar. 5, 2019), mandamus dismissed, 12-18-00295-CV, 2019 WL 1760103 (Tex. App.—Tyler Apr. 10, 2019, no pet.).[4]

31. Thus, even with the higher burden imposed on the party serving a counter-affidavit, nothing about Allstate's retention of the medical vendors or use of the counter-affidavit procedure—whether Allstate succeeded or did not in controverting the underlying personal injury plaintiff's initial 18.001 affidavits—supports Plaintiff's causes of action for fraud and conspiracy, and there is no relief that could be granted by this Court based on Plaintiff's allegations.

### C. Defendant's Removal is Procedurally Correct.

32. This is a civil action in which the amount in controversy exceeds $75,000. Paragraph 8 of Plaintiff's Amended Petition indicates that its losses exceed $1,000,000, exclusive of interest and costs. The Plaintiff pleaded an amount in controversy that exceeds the jurisdictional requirements.

33. Allstate received notice of this lawsuit on January 19, 2021. Thus, Allstate is filing this Notice within the 30-day time period required by 28 U.S.C. § 1446(b).

---

[4] As of the date of this Notice of Removal, at least five cases raising issues related to the statutory requirements for a counter-affidavit and the qualifications a counter-affiant must satisfy under Texas Civil Practice and Remedies Code § 18.001(f) are pending before the Texas Supreme Court. *See In re Allstate Indemnity Co.*, No. 20-0071; *In re Flores*, No. 20-0602; *In re Parks*, No. 20-0345; *In re Guevara*, No. 20-0343; *In re Hub Grp. Trucking*, No. 20-0241. The un-settled nature of these issues under Texas law, particularly as they relate to Plaintiff's allegations of fraud and conspiracy, highlight the implausibility of Plaintiff's claims.

34. Venue is proper in this District and Division under 28 U.S.C. §1446(a) because i) this District and Division include the county in which the state action has been pending, and ii) a substantial part of the events giving rise to Plaintiff's claims allegedly occurred in this District and Division.

35. Pursuant to 28 U.S.C. §1446(a), all pleadings, process, orders, and all other filings in the state court action are attached to this Notice.

36. Promptly after Allstate files this Notice of Removal, written notice of the filing will be given to Plaintiff under 28 U.S.C. §1446(d).

37. Promptly after Allstate files this Notice of Removal, a true and correct copy of the same will be filed with the Clerk of the Harris County District Court according to 28 U.S.C. §1446(d).

38. Consent of an improperly joined defendant is not necessary for removal.

### III. CONCLUSION

39. Based upon the preceding, the exhibits submitted in support of this removal, and other documents filed contemporaneously with this Notice of Removal, the Allstate Defendants now remove this case to this Court for trial and determination.

Respectfully submitted,

THOMPSON, COE, COUSINS & IRONS, L.L.P.

By:  */s/ Roger Higgins*
Roger Higgins
State Bar No. 09601500
Raymond Kutch
State Bar No. 24072195

One Riverway, Suite 1400
Houston, TX 77056
Telephone: (713) 403-8210
Telecopy: 713-403-8299
E-mail: rhiggins@thompsoncoe.com
rkutch@thompsoncoe.com

**COUNSEL FOR DEFENDANT
ALLSTATE FIRE AND CASUALTY
INSURANCE COMPANY**

## CERTIFICATE OF SERVICE

I certify that on February 12, 2021, a true and correct copy of the foregoing document was served on all counsel of record in accordance with the Federal Rules of Civil Procedure.

*/s/ Roger Higgins*
Roger Higgins