1/14/2021 4:22 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 49722605
By: Courtni Gilbert
Filed: 1/14/2021 4:22 PM

## 2021-02383 / Court: 157

CAUSE NO. _____

| | | |
|---|---|---|
| THE ESTES LAW FIRM on behalf of itself and for all others similarly situated Plaintiffs | § § § § | IN THE DISTRICT COURT OF |
| v. | § § § | |
| ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY, MARC CHAPMAN, RHONDA GUITREAU, and JANA SCHIEBER | § § § § § | HARRIS COUNTY, TEXAS |
| Defendants | § | _____ JUDICIAL DISTRICT |

### PLAINTIFFS' ORIGINAL CLASS ACTION PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES The Estes Law Firm on behalf of itself and for all other members of the class herein, Plaintiffs herein, and files this Original Class Action Petition against Allstate Fire and Casualty Insurance Company, ("Allstate"), Marc Chapman ("Chapman"), Rhonda Guitreau ("Guitreau"), and Jana Schieber ("Schieber") herein, and in support thereof, show the Court the following:

### INTRODUCTION

1.     Allstate repeatedly puts forth unqualified "expert" witnesses knowing they will put out fraudulent information with the intention of preventing justice for injured citizens of Texas. Allstate knows when it conspires with these unqualified "experts" that they have demonstrated time and again they put out information which is untrue and fraudulent. Allstate's intentions are to drive up the cost of justice for citizens of this state and enhance its own profitability at the expense of injured people.

<div style="border:1px solid black; text-align:center;">

**EXHIBIT**

**2**

</div>

1

## DISCOVERY CONTROL PLAN

2.      For purposes of Rule 190.1, Plaintiffs allege that this matter is subject to Discovery Level 3 in accordance with Texas Rule of Civil Procedure 190.3.

## PARTIES AND SERVICE

3.      Plaintiff The Estes Law Firm is a Texas law firm that practices in Harris County and the surrounding counties.

4.      Defendant Allstate Fire and Casualty Insurance Company is an insurance company, duly licensed to do business in the State of Texas. Defendant Allstate can be served through its registered agent CT Corporation located at 1999 Bryan St., Suite 900, Dallas, Texas 75201-3136. Citation is requested at this time.

5.      Defendant Marc Chapman is an individual residing in Travis County, Texas and may be served with process at 223 Marina Village Cv., Austin, Texas 78734 or wherever he may be found. Citation is requested at this time.

6.      Defendant Rhonda Guitreau is an individual residing in Dallas County, Texas and may be served with process at 10455 North Central Expressway, Suite 109, Dallas, Texas 75231 or wherever she may be found. Citation is requested at this time.

7.      Defendant Jana Schieber is an individual residing in Dallas County, Texas and may be served with process at 12001 North Central Expressway, Suite 800, Dallas, Texas 75243 or wherever she may be found. Citation is requested at this time.

## JURISDICTION AND VENUE

8.      The subject matter in controversy is within the jurisdictional limits of this court. In accordance with TRCP Rule 47, Plaintiffs, individually and on behalf of the entire class, seek monetary relief over $1,000,000.00.

9.     This court has jurisdiction over the Defendants in accordance with Tex. Civ. Prac. and Rem. Code Chapter 17 because the Defendants have offices and conducts business in the State of Texas and in Harris County.

10.     Venue in Harris County, Texas, is proper in this cause under Section 15.002(a)(1) of the Tex. Civ. Prac. and Rem. Code because a substantial part of the events or omissions giving to rise to the claims asserted herein occurred in Harris County, Texas.

## CLASS ACTION ALLEGATIONS

11.     Plaintiff The Estes Law Firm brings this lawsuit on behalf of themselves and the proposed Class under Texas Rule of Civil Procedure 42 any other applicable laws or rules of civil procedure.   In addition to statutory damages for Class Members, this action seeks recovery of injunctive and equitable relief, attorneys' fees and any and all other damages, in law or in equity, arising from Defendants' actions.

The proposed Class definition is as follows:

All law firms in the State of Texas who represented clients in cases against Allstate and Allstate's counsel and spent time and resources responding to improper controverting affidavits filed by Chapman, Guitreau, and/or Schieber.

12.     The Class Period dates back four (4) years (or the length of the longest applicable statute of limitations for any claim asserted) from the date this action was commenced and continues through the present and the date of judgment. Any causes of action with a two (2) year statute of limitations period are tolled by the Discovery Rule.

13.     This Class is so numerous that joinder of all members of the Class is impracticable. The precise number of the Class is believed to exceed 10,000.   The precise number of members in the Class and their identities and addresses may be ascertained from Defendants' records.   If deemed necessary by the Court, members of the class may be notified of the pendency of this action by mail, supplemented by published notice.

3

14.     The proposed Class is ascertainable. The litigation of the questions of fact and law involved in this action will resolve the rights of all members of the Class and hence will have binding effect on all Class Members.   These Class Members can be readily identified from Defendants' records, public records and other means readily available to Defendants, and thus the Plaintiffs, through minimally intrusive discovery.

15.     There is a well-defined community of interest in the questions of law and fact involved affecting the parties to be represented. These common questions of law and fact exist as to all members of the class and predominate over the questions affecting only individual members of the class. These common legal and factual questions include without limitation:

a.      Whether Allstate and Allstate's counsel retained Chapman, Guitreau, and/or Schieber to file controverting affidavits knowing these individuals were unqualified to prepare the controverting affidavits;

b.      Whether Allstate and Allstate's counsel retained Chapman, Guitreau, and/or Schieber to file controverting affidavits knowing these individuals were struck numerous times by courts all over Texas; and

c.      Whether Allstate and Allstate's counsel retained Chapman, Guitreau, and/or Schieber in an effort to improperly harass and defraud Plaintiffs and all other members of the class.

16.     Plaintiff's claims are typical of the proposed Class because Plaintiff and all Class Members incurred time and expense in filing motions to strike Chapman, Guitreau, and/or Schieber and all Class Members incurred time and expense in deposing their own experts or bringing the experts live to trial in cases in which the improper controverting affidavits were not struck.

17.     Plaintiff will fairly and adequately represent and protect the interests of the proposed Class. Plaintiff does not have any interests that are antagonistic to those of the proposed Class.  Plaintiff has retained counsel competent and experienced in the prosecution of this type of litigation.

4

18.     The proposed Class has a well-defined community of interest in the questions of fact and law to be litigated.  The common questions of law and fact predominate with respect to the liability issues, relief issues and anticipated affirmative defenses.  The named Plaintiff has claims typical of the class members.

19.     A class action is the superior method for fair and just adjudication of this controversy.  The expense and burden of individual suits makes it impossible and impracticable for members of the proposed Class to prosecute their claims individually. Class adjudication will conserve judicial resources and will avoid the possibility of inconsistent rulings. Individualized litigation increases the delay and expense to all parties and the court system presented by the complex legal and factual issues of the case. By contrast, class adjudication presents far fewer management difficulties, and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court.

## FACTS

20.     Chapter 18 of the Texas Civil Practices and Remedies Code was created to streamline litigation in Texas. It provides that a person seeking to recover medical expenses in litigation can file an affidavit by the person who provided the service or person in charge of the records showing the services provided, which state the amount of charges incurred, and what has been paid. The statute also provides forms that may be used by such person making the affidavit to prove up medical bills and expenses.  A proper affidavit is "sufficient evidence to support a finding of fact by a judge or jury that the amount charged was reasonable or that the service was necessary." Primarily, the purpose is to allow plaintiffs to avoid the necessity of bringing witnesses to testify as to the reasonableness and necessity of the medical bills.

21.     A defendant who wishes to controvert a claim reflected by the affidavit must prepare a counter-affidavit.  That counter-affidavit has to give proof of "reasonable notice of the

bases on which the party serving it intends at trial to controvert the claim reflected by the initial affidavit." Further, "the counter-affidavit must be made by a person who is qualified by knowledge, skill, training, education, or experience, to testify in contravention of all or part of any of the matters contained in the initial affidavit." In short, a defendant who wishes to controvert the affidavit, must hire a qualified expert in the particular field covered by the affidavit, in order to file a controverting affidavit.

22.     Allstate, in an effort to harass, delay, and bully plaintiffs and their lawyer, intentionally ignore the requirements of Chapter 18 and hire unqualified people to prepare so-called controverting affidavits in areas they have no knowledge, skill, training, education, or experience.

**A. Marc Chapman**

23.     Chapman, who is not a doctor, runs a consulting firm and has a background as "reimbursement manager" at a hospital. Chapman sent out bills for hospitals and has absolutely no qualifications to opine about the reasonableness of medical bills. Despite knowing this, Allstate continually hires Chapman to prepare controverting affidavits and offer opinions that medical bills for plaintiffs are too high. Chapman, who sent out bills for hospitals, has no experience in billing outside of hospitals. Despite knowing this, Allstate hires him to offer opinions about billing rates for orthopedic surgeons, orthopedic doctors, primary care doctors, chiropractors, radiologists, diagnostic testing facilities, and others medical providers that have nothing to do with hospitals.

24.     Allstate also knows that Chapman only has experience in the Austin area but hires him to offer opinions about billing rates in Houston, Dallas, San Antonio, and every other city in Texas.

25.     Allstate knows that Chapman is not qualified to prepare controverting affidavits because Chapman's affidavits and opinions have been struck by almost every court Texas,

6

including courts in Bexar County, Harris County, Dallas, County, Tarrant County, Fort Bend County, Hopkins County, Cherokee County, Hopkins County, Collin County, Smith County, and many more. It is easier to list the courts where Chapman has not been stuck than to identify every case and court striking Chapman and his so-called controverting affidavits and opinions. Here are just a few of the cases striking Chapman:

- "MARC CHAPMAN is not qualified to render testimony as to the reasonableness or unreasonableness of the medical charges" and it is "ORDERED, ADJUDGED, and DECREED that Counter-Affidavits of MARC CHAPMAN filed by Defendant in this case are struck and cannot be presented in the trial of this matter." *Salinas v. Medina*, 2016 WL 11609928, at *1 (Tex.Dist.).

- "Having considered the pleadings, evidence and arguments of all parties, the Court is of the opinion that Plaintiff's First Amended Motion to Exclude the Testimony of Defendants' Retained Testifying Expert of Marc Chapman is GRANTED. IT IS THEREFORE ORDERED that the testimony and opinions of Marc Chapman regarding reasonable and necessary medical expenses for Mark Adams' injuries are excluded. Plaintiff's First Amended Motion to Exclude the Testimony of Defendants' Retained Testifying Expert of Marc Chapman is GRANTED." *Adams v. Conocophillips Co.*, 2019 WL 8640641, at *1 (Tex.Dist.).

- "ORDERED, ADJUDGED, and DECREED that Plaintiff's Motion to Strike to Strike the Counter-Affidavits of Marc Chapman is GRANTED and that Marc Chapman is not qualified to render testimony as to the reasonableness or unreasonableness of the medical treatment and charges provided to Plaintiff. Additionally, Mr. Chapman's opinion is not reliable because it is based on irrelevant evidence." *Thompson v. Munday Chevrolet-Pontiac, Inc.*, 2019 WL 8193963, at *1 (Tex.Dist.).

- "Marc Chapman has not established that he is qualified to render testimony as to the reasonableness or unreasonableness of medical charges" and "It is ORDERED, that the Counter Affidavits of Marc Chapman filed by Defendant in this cause be and are hereby struck."*Sauceda v. Lebel*, 2016 WL 10827408, at *1 (Tex.Dist.).

- "IT IS THEREFORE ORDERED, ADJUDGED, and DECREED that Defendant's Counter-Affidavit provided by Marc Chapman is struck". *Spotsville v. Autozone, Inc.*, 2020 WL 6437182, at *1 (Tex.Dist.).

- "IT IS HEREBY ORDERED that Plaintiff's Motion to Strike Defendant's Expert Witness Marc Chapman is hereby GRANTED." *Jurgens v. Moore*, 2018 WL 8665133, at *1 (Tex.Dist.).

- "It is therefore ORDERED that the counter affidavit of Marc Chapman is stricken." *Asfour v. Swanson*, 2019 WL 9465957, at *1 (Tex.Dist.).

- "IT IS THEREBY ORDERED, ADJUDGED, AND DECREED that Plaintiff's Motion to Strike Defendant's Controverting Affidavits of Marc Chapman, is GRANTED." *Saenz v. Irving Holdings, Inc.*, 2019 WL 10094358, at *1 (Tex.Dist.).

- "Marc Chapmans Controverting Affidavits as identified in the motion are struck." *Cromer v. White*, 2016 WL 10954297, at *1 (Tex.Dist.)

- "IT IS THEREFORE ORDERED, ADJUDGED AND DECREED by the Court that Marc Chapman and Mr. Chapman's evidence are excluded. *Smith v. Home State County Mut. Ins. Co.*, 2017 WL 10299520, at *1 (Tex.Dist.).

- "ORDERED, ADJUDGED, AND DECREED that Plaintiffs' Motion to Strike the Controverting Affidavit of Marc Chapman is GRANTED. The counter-affidavit of Marc Chapman is hereby STRUCK and of no further force or effect in this cause." *Smythe v. GPI TX-DMIL Inc.*, 2019 WL 2254735, at *1 (Tex.Dist.).

- "ORDERED, ADJUDGED, AND DECREED that the Section 18.001 Counter-Affidavits of Marc Chapman are hereby STRUCK." *Flores v. DGD Transp, LLC*, 2019 WL 10094368, at *1 (Tex.Dist.).

- "IT IS THEREFORE ORDERED, ADJUDGED, and DECREED that the First Amended Motion to Strike and Exclude Controverting Affidavit of Marc Chapman be in all things GRANTED." *Wilson v. Carter*, 2019 WL 9100535, at *1 (Tex.Dist.).

26.    Despite knowing that Chapman is not qualified to prepare controverting affidavits, and despite knowing that Chapman is constantly struck by courts in Texas, Allstate still hires Chapman to prepare controverting affidavits.

27.    All of Chapman's controverting affidavits are nearly identical and they rely on Medicare payment rates, which have nothing to do with how medical providers bill patients without Medicare.

28.    The reason Allstate continues to hire Chapman to prepare controverting affidavits is because Allstate and Chapman want to harass and cause delay for the lawyers representing Plaintiffs. Allstate knows Chapman is unqualified to prepare controverting affidavits, but repeatedly hires him to manipulate Chapter 18 and require lawyers to spend extra time and expense in filing motions to strike the controverting affidavits. Additionally, if the improper controverting

8

affidavits are not struck, then the lawyers representing plaintiffs are required to spend time and expense in deposing the plaintiffs' doctors or bringing them live to trial.

**B.   Jana Schieber**

29.   Schieber worked as a nurse in the 1990's and claims this qualifies her to opine about billing rates for orthopedic surgeons, orthopedic doctors, primary care doctors, chiropractors, radiologists, diagnostic testing facilities, and others medical providers. Schieber lacks the knowledge, skill, training, education, or experience, to testify in contravention of any medical bills – unless one of the bills is a nursing bill from the 1990's. Allstate also knows that Schieber only has experience in the Dallas area but hires her to offer opinions about billing rates in Houston, Austin, San Antonio, and every other city in Texas.

30.   Schieber is repeatedly and continually struck for offering the opinions she unqualified to offer in controverting affidavits:

- IT IS THEREFORE ORDERED, ADJUDGED, and DECREED that Defendant's Counter-Affidavit provided by Jana Schieber, RN is struck pursuant to Plaintiff's Motion to Strike and Exclude the Counter-Affidavits and Testimony of Jana Schieber, RN. IT IS FURTHER ORDERED, ADJUDGED, and DECREED that all proposed opinions of Jana Schieber, RN shall be excluded from the Trial of this cause. *Powell v. Allstate Fire and Cas. Ins. Co.*, 2019 WL 10984417, at *1 (Tex.Dist.).

- "The Court hereby: GRANTS Plaintiff's Motion to Strike the testimony of Jana Schieber, RN." *Coby v. Payne*, 2016 WL 10456329, at *1 (Tex.Dist.). (Ex. D).
  "IT IS THEREBY ORDERED, ADJUDGED, AND DECREED that Plaintiff's Motion to Strike Controverting Affidavit of Jana Schieber, RN (Baylor Scott & White Institute for Rehabilitation) is GRANTED." *Saenz v. Backer*, 2020 WL 5035977, at *1 (Tex.Dist.).

- "IT IS HEREBY ORDERED that Defendant's Counter Affidavits of Jana Schieber, RN are hereby stricken and cannot be presented in the trial of this matter." *Bravo-Luna v. Bell*, 2018 WL 8804384, at *1 (Tex.Dist.).

- "It is, therefore, ORDERED, ADJUDGED, and DECREED, that Jana Schieber's counter affidavit is STRUCK." *Acosta v. Mullikin*, 2020 WL 6537443, at *1 (Tex.Dist.).

- "IT IS THEREFORE ORDERED, ADJUDGED, and DECREED that Defendant's Counter-Affidavit provided by Jana Schieber, RN is struck pursuant to Plaintiff's Motion to Strike and Exclude the Counter-Affidavits and Testimony of Jana Schieber, RN. IT IS FURTHER ORDERED, ADJUDGED, and DECREED that all proposed opinions of Jana Schieber, RN shall be excluded from the Trial of this cause." *Rivera v. Barbosa*, 2020 WL 6305806, at *1 (Tex.Dist.).

- "IT IS THEREFORE, ORDERED, ADJUDGED, AND DECREED that the Counter Affidavit of Jana Schieber, RN filed by Defendant Julie Norman in this cause is struck and cannot be presented in the trial of this matter." *Dungca v. Norman*, 2017 WL 11194986, at *1 (Tex.Dist.).

- "It is therefore, ORDERED, ADJUDGED and DECREED that the Counter Affidavit of Jana Schieber, RN filed by Defendant METROPOLITAN TRANSIT AUTHORITY in this cause is struck and cannot be presented in the trial of this matter." *Mendoza v. Metropolitan Transit Authority*, 2018 WL 10035769, at *1 (Tex.Dist.).

- "ORDERED, that the Counter-Affidavits of Jana Schieber, R.N. pertaining to Kimberly Townsend and David Rodriguez are stricken in their entirety." *Townsend v. Arambula*, 2020 WL 6537336, at *1 (Tex.Dist.).

- "ORDERED, ADJUDGED AND DECREED that the Counter-Affidavit of Jana Schieber, R.N. filed by Defendants Allstate and Sonia Adee in this cause is struck and cannot be presented in the trial of this matter." *Brown v. Allstate Fire and Cas. Ins. Co.*, 2018 WL 11246095, at *1 (Tex.Dist.).

- "ORDERED that the Counter-Affidavits of Martin L. Bloom, M.D. and Jana Schieber, RN filed by Defendants Allstate Fire and Casualty Insurance Company and Sue Altilano in this cause are struck and cannot be presented in the trial of this matter." *Pierson v. Allstate Fire*, 2019 WL 11307445, at *1 (Tex.Dist.).

31.    Despite knowing that Schieber is not qualified to prepare controverting affidavits, and despite knowing that Schieber is constantly struck by courts in Texas, Allstate still hires Schieber to prepare controverting affidavits.

32.    All of Schieber's controverting affidavits are nearly identical and they rely on a database called "Context4 Healthcare" that she got from the internet.

33.    The reason Allstate continues to hire Schieber to prepare controverting affidavits is because Allstate and Schieber want to harass and cause delay for the lawyers representing plaintiffs. Allstate knows Schieber is unqualified to prepare controverting affidavits, but repeatedly

hires her to manipulate Chapter 18 and require lawyers to spend extra time and expense in filing motions to strike the controverting affidavits. Additionally, if the improper controverting affidavits are not struck, then the lawyers representing plaintiffs are required to spend time and expense in deposing the plaintiffs' doctors or bringing them live to trial.

**C. Rhonda Guitreau**

34.    Guitreau claims to be a "medical billing expert consultant" but her experience is in hospital administration. Guitreau, who is not a doctor, sent out bills for hospitals and has absolutely no qualifications to opine about the reasonableness of medical bills. Despite knowing this, Allstate continually hires Guitreau to prepare controverting affidavits and offer opinions that medical bills for plaintiffs are too high. Guitreau has no experience in billing outside of hospitals. Despite knowing this, Allstate hires her to offer opinions about billing rates for orthopedic surgeons, orthopedic doctors, primary care doctors, chiropractors, radiologists, diagnostic testing facilities, and others medical providers that have nothing to do with hospitals.

35.    Allstate also knows that Guitreau only has experience in the Dallas area but hires her to offer opinions about billing rates in Houston, Austin, San Antonio, and every other city in Texas.

36.    Allstate knows that Guitreau is not qualified to prepare controverting affidavits because Guitreau's affidavits and opinions have been struck by most courts Texas:

- "Ordered that the Plaintiff's Motion to Strike Controverting Affidavit of Rhonda R. Guitreau is granted." *Sturgis v. Pratik Hareshbhai Patel*, 2020 WL 6386436, at *1 (Tex.Dist.).

- "IT IS THEREFORE ORDERED that Rhonda R. Guitreau's Controverting Affidavit is stricken from this cause for all purposes." *Lawrence v. Collup*, 2020 WL 6277344, at *1 (Tex.Dist.).

- "IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that the Counter-Affidavit of Rhonda R. Guitreau is struck in its entirety." *Sweed-Stephens v. Frickle*, 2020 WL 5630229, at *1 (Tex.Dist.).

- "IT IS, ACCORDINGLY, ORDERED that Plaintiff's Motion to Strike the Controverting Affidavit of Rhonda R. Guitreau be, and the same is hereby granted." *Pedroza-Flores v. D.R. Horton - Texas, Ltd.*, 2019 WL 5686418, at *1 (Tex.Dist.).

- "Plaintiff Marisol Creamer's Motion to Strike the Controverting Affidavit of Rhonda R. Guitreau should be and is hereby GRANTED." *Martinez-Garcia v. Creamer*, 2020 WL 5093561, at *1 (Tex.Dist.).

- "On this day came to be considered Plaintiffs' Samuel Teutsch and Brandon Ortega Objection and Motion to Strike Defendant(s) Counter-Affidavit(s) of Rhonda Guitreau and having considered the Motion and the argument of Counsel, the Court is of the opinion that such Motion is good and should be GRANTED. IT IS THEREFORE ORDERED that Rhonda Guitreau is not qualified to render testimony as to the reasonableness or unreasonableness of medical charges for Pasadena Emergency Center One Step Diagnostic II, Inc., Horizon Pain Management, Patient First Orthopedics, One Step Diagnostic VIII, LP, UTMB Health, and Harris County, Texas." Teutsch v. Mireles, 2020 WL 5630197, at *1 (Tex.Dist.).

- "After due consideration, this Court GRANTS Plaintiff's Motion and strikes the counter-affidavits of Cody Blake Doyle, DC. and Rhonda Guitreau. Therefore, neither Cody Blake Doyle, DC. nor Rhonda Guitreau will offer testimony on the necessity of treatment or the reasonableness of bills incurred by the Plaintiff." *Seguin v. Magee*, 2017 WL 9967068, at *1 (Tex.Dist.).

- "Rhonda Guitreau has not established that she is qualified to render testimony as to the reasonableness or unreasonableness of medical charges in Harris County, Texas. It is ORDERED, that the Counter Affidavit of Rhonda Guitreau filed by Defendants in this cause be and is hereby struck." *Rogers v. Zapata*, 2015 WL 11216027, at *1 (Tex.Dist.).

- "The Court SUSTAINS Plaintiff's objections to the counter affidavit of Rhonda Guitreau and hereby STRIKES Rhonda Guitreau's affidavit in its entirety". *Truc v. Huynh*, 2015 WL 12619087, at *1 (Tex.Dist.). (Ex. B).

- "IT IS ORDERED that this Motion to Strike Defendant's Counter-Affidavit of Rhonda Guitreau is GRANTED and that upon trial of this cause, Defendant Abigail Monrrial is precluded from introducing into evidence the testimony of Rhonda Guitreau, whether by live testimony, deposition, affidavit, or otherwise." *Ponce v. Monrrial*, 2015 WL 6866221, at *1 (Tex.Dist.).

37.     Despite knowing that Guitreau is not qualified to prepare controverting affidavits, and despite knowing that Guitreau is constantly struck by courts in Texas, Allstate still hires Guitreau to prepare controverting affidavits.

12

38.     All of Guitreau's controverting affidavits are nearly identical and they rely on a database called "Context4 Healthcare" that she got from the internet.

39.     The reason Allstate continues to hire Guitreau to prepare controverting affidavits is because Allstate and Guitreau want to harass and cause delay for the lawyers representing plaintiffs. Allstate knows Guitreau is unqualified to prepare controverting affidavits, but repeatedly hires her to manipulate Chapter 18 and require lawyers to spend extra time and expense in filing motions to strike the controverting affidavits. Additionally, if the improper controverting affidavits are not struck, then the lawyers representing plaintiffs are required to spend time and expense in deposing the plaintiffs' doctors or bringing them live to trial.

## CAUSES OF ACTION

40.     Plaintiff re-alleges each and every allegation contained in this Petition as though fully set forth herein.

### First Cause of Action – Fraud

41.     By filing controverting affidavits, Defendants made representations to Plaintiff and all Class Members claiming that Chapman, Guitreau, and Schieber were qualified to prepare controverting affidavits. Defendants knew these representations were false. Defendants made these representations so Plaintiff and all Class Members would act on them and they caused damages to Plaintiff and all Class Members.

### Second Cause of Action – Civil Conspiracy

42.     Allstate, Allstate's counsel, Chapman, Guitreau, and Schieber combined to pursue the unlawful purpose of defrauding Plaintiff and Class Members with improper and illegal controverting affidavits. There was a meeting of the minds between Allstate, Allstate's counsel, Chapman, Guitreau, and Schieber and this meeting of the mind resulted in the fraudulent and unlawful acts of filing illegal and improper controverting affidavits. These actions caused Plaintiff

and Class member's damages in time and expense in responding to these illegal and improper controverting affidavits.

## DAMAGES

43.     Defendants are liable to Plaintiff and all Class Members and Plaintiff and all Class Members are entitled to recover the following damages:

a.     Actual damages;

b.     Reasonable attorney's fees;

c.     Court costs; and

d.     Punitive/Fraud damages.

44.     Plaintiff and all Class Members seek all money damages, punitive damages, attorney fees, and any other relief allowed under Texas law and deemed appropriate by this Court, which is believed to exceed the jurisdictional requirement of this court.

## CONDITIONS PRECEDENT

45.     All conditions have been performed or occurred for all claims asserted herein.

## DEMAND FOR TRIAL BY JURY

46.     Plaintiff and all Class Members hereby demand trial by jury on all claims for which the law provides a right to jury trial.

## PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, The Estes Law Firm, on behalf of itself and those similarly situated, respectfully pray:

1.     That the Court enter an order certifying this action as a Class Action;

2.     That Defendants will be cited to appear and answer herein;

3.     For money damages in an amount to be determined by a jury;

4.     For exemplary and punitive damages according to proof;

14

5.    For costs of suit incurred herein, including reasonable attorneys' fees; and

6.    For such other and further relief, in law or in equity, to which Plaintiffs and those similarly situated may be justly entitled and this Court deems just and proper.

Respectfully submitted,

RUSTY HARDIN & ASSOCIATES LLP

By:    /s/ Daniel Dutko
        Rusty Hardin
        State Bar No. 08972800
        Daniel R. Dutko
        State Bar No. 24054206
        Ryan Higgins
        Texas Bar No. 24007362
5 Houston Center
1401 McKinney Street, Suite 2250
Houston, Texas 77010
Telephone: (713) 652-9000
Facsimile: (713) 652-9800
rhardin@rustyhardin.com
ddutko@rustyhardin.com
rhiggins@rustyhardin.com