IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| THE ESTES LAW FIRM on behalf of itself | § | |
| and for all others similarly situated | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:21-CV-00498 |
| | § | |
| ALLSTATE FIRE AND CASUALTY | § | |
| INSURANCE COMPANY, MARC | § | |
| CHAPMAN, RHONDA GUITREAU, and | § | |
| JANA SCHIEBER | § | |

## **PLAINTIFF'S MOTION TO REMAND**

**RUSTY HARDIN & ASSOCIATES LLP**

Russell Hardin, Jr.
State Bar No. 08972800
Federal I.D. No. 19424
rhardin@rustyhardin.com
Daniel R. Dutko
State Bar No. 24054206
Federal I.D. No. 753525
ddutko@rustyhardin.com
Ryan Higgins
State Bar No. 24007362
Federal I.D. No. 622060
rhiggins@rustyhardin.com
5 Houston Center
1401 McKinney Street, Suite 2250
Houston, Texas 77010
Telephone: (713) 652-9000
Facsimile: (713) 652-9800

**ATTORNEYS FOR PLAINTIFF**

## TABLE OF CONTENTS

**Page No.**

I.  INTRODUCTION…………………………………………………… 1

II.  FACTS……………………………………………………………2

III.  LOCAL CONTROVERSY EXCEPTION…………………………………3

    A.  Legislative History Shows Remand is Necessary……………………..4

    B.  Greater Than Two-Thirds of All Proposed Class Members Are Citizens of Texas……………………………………………7

    C.  Plaintiff And Class Members Seek Significant Relief From Texas Defendants……………………………………………7

    D.  Texas Defendants Alleged Conduct Forms A Significant Basis For The Claims Asserted……………………………….………...11

    E.  Principal Injuries Resulting From The Alleged Conduct Were Incurred In Texas……………………………………………13

    F.  Any Other Similar Class Actions During the Three-Year Period Preceding The Filing…………………………………………..14

    G.  Conclusion…………………………………………………..14

IV.  HOME STATE MANDATORY EXCEPTION……………………………14

V.  REQUEST LEAVE TO AMEND…………………………………….16

VI.  CONCLUSION……………………………………………………16

CERTIFICATE OF SERVICE……………………………………………17

# **TABLE OF AUTHORITIES**

**Case:**                                                                                                       **Page No.**

*Backes v. Misko*, 486 S.W.3d 7
(Tex. App.—Dallas 2015, pet. denied)……………………………………………............8

*Baird v. Shagdarsuren*,
2019 WL 2286084, at *2 (N.D. Tex. May 29, 2019) ……………………………………1, 5

*Brooks v. United Dev. Funding III, L.P.*,
4:20-CV-00150-O, 2020 WL 6132230, at *12 (N.D. Tex. Apr. 15, 2020)………………….....16

*Caruso v. Allstate Ins. Co.*,
469 F. Supp. 2d 364, 369 (E.D. La. 2007)…………………………………………....7, 9, 11

*Coffey v. Freeport McMoran Copper & Gold*,
581 F.3d 1240, 1245 (10th Cir.2009)………………………………………………9, 10, 11

*Coleman v. Estes Exp. Lines, Inc.*,
631 F.3d 1010, 1020–21 (9th Cir. 2011)……………………………………………..16

*Evans v. Walter Indus., Inc.*,
449 F.3d 1159, 1167 (11th Cir.2006)………………………………………………9, 11

*Garcia v. Boyar & Miller, P.C.*,
CIV.A.3:06CV1936-D, 2007 WL 1556961, at *6 (N.D. Tex. May 30, 2007)…………………..16

*Guadalupe Porter, v. Allstate*,
2020 WL 7687749 (N.D.Tex.)…………………………………………………………6

*Gunn v. McCoy*,
554 S.W.3d 645, 672–74 (Tex. 2018)……………………………………………..…5

*Hart v. FedEx Ground Package Sys., Inc.*,
457 F.3d 675, 682 (7th Cir.2006) ……………………………………………………...2, 3

*Haygood v. De Escabedo*,
356, S.W.3d 390, 397 (Tex. 2011)……………………………………………………5

*Holland v. United States*,
No. 3:14-CV-3780-L, 2016 WL 11605952, at *1 (N.D. Tex. July 21, 2016)…………………..5-6

*Hollinger v. Home State Mut. Ins. Co.*,
654 F.3d 564, 570 (5th Cir. 2011)…………………………………………………2, 3, 13, 14, 16

*Hollinger v. Home State County Mut. Ins. Co.*,
5:09-CV-118, 2010 WL 11530632, at *5 (E.D. Tex. Aug. 5, 2010), aff'd sub nom…………….13

*Joseph v. Unitrin, Inc.*,
CIV. A. 1:08-CV-077, 2008 WL 3822938, at *9 (E.D. Tex. Aug. 12, 2008)…………………7, 11

*Kaufman v. Allstate New Jersey Ins. Co.*,
561 F.3d 144, 156 (3d Cir.2009)…………………………………………………………………11

*Michael Allen Gough v. Allstate*,
2020 WL 6194290 (N.D.Tex.)…………………………………………………………...…..6

*Parker v. Sheila*,
No. A-19-CV-00017-RP, 2020 WL 1669647, at *2. (W.D. Tex. Apr. 3, 2020)…………………6

*Philip James v. Allstate and Eduardo Torres a/k/a Eddie Torres*,
2020 WL 4047619 (N.D.Tex.)…………………………………………………………...…..6

*Robinson v. Cheetah Transp.*,
CIV.A. 06-0005, 2006 WL 468820, at *3–4 (W.D. La. Feb. 27, 2006)…………………………10

*Robinson v. Cheetah Transport*,
CIV.A. 06-0005, 2006 WL 1453036 (W.D. La. May 17, 2006)………………………………..10

S*tephenson v. Standard Ins. Co.*,
SA:12-CV-01081-DAE, 2013 WL 3146977, at *8 (W.D. Tex. June 18, 2013)……………………9

*Williams v. Homeland Ins. Co. of New York*,
657 F.3d 287, 291-92 (5th Cir. 2011)………………………………………………………..9

**Codes and Statutes:**

28 U.S.C. § 1332(d)(4)(A)…………………………………………………..……2, 3, 4, 16

28 U.S.C. § 1332(d)(4)(B)…………………………………………………....2, 14, 15-16

28 U.S.C. § 1332(d)(3) …………………………………………………….………15

28 U.S.C. § 1332 (d)(5)(A)……………………………………………………………15

28 U.S.C. § 1711 – 1715 – Class Action Fairness Act ("CAFA") ……………...2, 3, 4, 9, 14, 16

§ 18.001 of the Texas Civil Practices & Remedies Code……………………………….2, 5, 6, 12

**Other Authorities:**

S. REP. 109-14, 41, 2005 U.S.C.C.A.N. 3, 39……………………………………………….4, 5

S. REP. 109-14, 39, 2005 U.S.C.C.A.N. 3, 38…………………………………………...…..5, 14

S. REP. 109-14, 43, 2005 U.S.C.C.A.N. 3, 41…………………………………………..…...15

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| THE ESTES LAW FIRM on behalf of itself and for all others similarly situated | § § § | |
| v. | § § | CIVIL ACTION NO. 4:21-CV-00498 |
| ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY, MARC CHAPMAN, RHONDA GUITREAU, and JANA SCHIEBER | § § § § § | |

**PLAINTIFF'S MOTION TO REMAND**

TO THE HONORABLE COURT:

COMES NOW Plaintiff, The Estes Law Firm, on behalf of itself and all other similarly situated class members and file this Motion to Remand in response to the Notice of Removal filed by Defendant Allstate Fire and Casualty Insurance ("Allstate"). In support, Plaintiff and all class members show this Court as follows:

I.     **INTRODUCTION**

It is not an exaggeration to say that everything in this case is strongly linked to the State of Texas and in no way involves "genuinely national litigation":

- Plaintiff and all and class members are Texas residents.

- All Defendants, except one, are Texas residents.

- All of Defendants bad acts occurred in Texas and in Texas state district courts.

- Plaintiff's claims relate solely to § 18.001 of the Texas Civil Practices & Remedies Code, a "purely procedural" rule that "is inapplicable in federal court". *Baird v. Shagdarsuren*, 2019 WL 2286084, at *2 (N.D. Tex. May 29, 2019).

1

Because there is nothing in this case involving genuinely national litigation, the Fifth Circuit encourages this Court to look closely at the abstention provisions of the CAFA:

> The CAFA mandatory abstention provisions are "designed to draw a delicate balance between making a federal forum available to genuinely national litigation and allowing the state courts to retain cases when the controversy is strongly linked to that state." *Hart v. FedEx Ground Package Sys., Inc.*, 457 F.3d 675, 682 (7th Cir.2006)."

*Hollinger v. Home State Mut. Ins. Co*., 654 F.3d 564, 570 (5th Cir. 2011).

An analysis of the local controversy and the home state exceptions establishes why this case should be remanded back to state court. *See* 28 U.S.C. § 1332(d)(4)(A) and § 1332(d)(4)(B).

## II.    **FACTS**

Plaintiff's Petition sets forth detailed facts regarding the bad acts of all Defendants including Marc Chapman ("Chapman"), Rhonda Guitreau ("Guitreau"), Jana Schieber ("Schieber"), and Allstate. (Ex. A). Plaintiff hereby relies on the facts set forth in the Petition. *Id*.

To summarize the facts, Chapter 18 of the Texas Civil Practices and Remedies Code was created to streamline litigation in Texas and allows plaintiffs the ability to prove-up medical records without the necessity of bringing every custodian of record to trial. Tex. Civ. Prac. & Rem. Code Ann. § 18.001. Chapter 18 also allows defendants to file controverting affidavits, but only if those affidavits are prepared by medical providers who are qualified. *Id*. Chapman, Guitreau, and Schieber have no qualifications to prepare controverting affidavits but continually make fraudulent representations to plaintiffs, their attorneys, and the court claiming they are qualified to prepare controverting affidavits.

Chapman, Guitreau, and Schieber are repeatedly struck by courts in Texas. (Ex. A, ¶¶ 23-39). Plaintiff's Petition identifies just a few of the numerous times courts have struck their controverting affidavits. *Id*.

Despite having no qualifications and repeatedly being struck by courts, Chapman, Guitreau, and Schieber still prepare controverting affidavits and Allstate continues to pay them to prepare controverting affidavits.

## III.    LOCAL CONTROVERSY EXCEPTION

The CAFA requires federal courts to decline jurisdiction over a proposed class action if the local controversy exception is established by a preponderance of the evidence. 28 U.S.C. § 1332(d)(4)(A); or (2). The CAFA mandatory abstention provisions are "designed to draw a delicate balance between making a federal forum available to genuinely national litigation and allowing the state courts to retain cases when the controversy is strongly linked to that state." *Hollinger v. Home State Mut. Ins. Co.,* 654 F.3d 564, 569–70 (5th Cir. 2011); *Hart v. FedEx Ground Package Sys., Inc*., 457 F.3d 675, 682 (7th Cir.2006).

Under the "local controversy" mandatory abstention provision of CAFA, the district court "shall decline to exercise jurisdiction":

(i) over a class action in which—

(I) greater than two-thirds of the members of all proposed plaintiff classes in the aggregate are citizens of the State in which the action was originally filed;

(II) at least 1 defendant is a defendant—

(aa) from whom significant relief is sought by members of the plaintiff class;

3

(bb) whose alleged conduct forms a significant basis for the claims asserted by the proposed plaintiff class; and

(cc) who is a citizen of the State in which the action was originally filed; and

(III) principal injuries resulting from the alleged conduct or any related conduct of each defendant were incurred in the State in which the action was originally filed; and

(ii) during the 3–year period preceding the filing of that class action, no other class action has been filed asserting the same or similar factual allegations against any of the defendants on behalf of the same or other persons.

28 U.S.C. § 1332(d)(4)(A).

## A. Legislative History Shows Remand is Necessary

The CAFA fails to define key terms including "significant relief" and "significant basis". Therefore, the CAFA's legislative history, namely the Senate Report, provides guidance on these terms.

The Senate Report provides two examples to guide courts in deciding whether to remand cases. The first example is a class action is brought in Florida state court alleging wrongdoing in burial practices. The suit is brought against the cemetery, a Florida corporation, and the out-of-state parent company that supervised the cemetery. The Senate Report determined this case should be in state court because "Although there is one out-of-state defendant (the parent company), the controversy is at its core a local one, and the Florida state court where it was brought has a strong interest in resolving the dispute." S. REP. 109-14, 41, 2005 U.S.C.C.A.N. 3, 39.

4

The second example is a class action products liability case brought in Florida against an out-of-state automobile manufacturer. S. REP. 109-14, 41, 2005 U.S.C.C.A.N. 3, 39. In an attempt to defeat diversity, the suit also named a few in-state dealers even though the vehicle was sold at dealerships all over the country and only some of the class members bought the vehicle from the Florida dealers. *Id*. The main allegation was that the automobile was defective and the claims against the dealers did "not form a significant basis for the claims of the class members." *Id*. Ultimately, the Senate Report advised that this case should not be remanded because there was nothing to show "the principal injuries were local". *Id*. The Senate Report determines that local controversies involving in-state injuries should stay in state court: "In other words, this provision looks at where the principal injuries were suffered by everyone who was affected by the alleged conduct–not just where the proposed class members were injured." *Id*.

The Senate Report is clear cases involving local issues should stay in state courts: "**This provision is intended to respond to concerns that class actions with a truly local focus should not be moved to federal court under this legislation because state courts have a strong interest in adjudicating such disputes**." S. REP. 109-14, 39, 2005 U.S.C.C.A.N. 3, 38 (emphasis added).

Plaintiff's claims in this case relate solely to § 18.001 of the Texas Civil Practices & Remedies Code. (Ex. A, Plaintiff's Second Amended Petition). In *Haygood* and *Gunn*, the Texas Supreme Court held that section 18.001 is purely procedural. *See Haygood v. De Escabedo*, 356, S.W.3d 390, 397 (Tex. 2011); *Gunn v. McCoy*, 554 S.W.3d 645, 672–74 (Tex. 2018). As a result of *Haygood* and *Gunn*, federal district courts in Texas refuse to allow Section 18.001 affidavits and hold that 18.001 is inapplicable in federal courts. *See Baird v. Shagdarsuren*, 2019 WL 2286084, at *2 (N.D. Tex. May 29, 2019); *see also Holland v. United States*, No. 3:14-CV-3780-

L, 2016 WL 11605952, at *1 (N.D. Tex. July 21, 2016) (Lindsay, J.) ("As the Texas Supreme Court has explicitly characterized Section 18.001 as procedural, the statute is not applicable in this action."); *Parker v. Sheila*, No. A-19-CV-00017-RP, 2020 WL 1669647, at *2. (W.D. Tex. Apr. 3, 2020) (noting not all federal courts in Texas, however, have interpreted 18.001 in the same light).

In the words of Allstate, in other cases with the same counsel, Section 18.001 does not belong in federal courts: "Given the characterization by the Texas Supreme Court, section 18.001 has no place in this litigation." *Philip James v. Allstate and Eduardo Torres a/k/a Eddie Torres*, 2020 WL 4047619 (N.D.Tex.); *Michael Allen Gough v. Allstate*, 2020 WL 6194290 (N.D.Tex.); *Guadalupe Porter, v. Allstate*, 2020 WL 7687749 (N.D.Tex.).

It is not exaggeration to say that <u>everything</u> that occurred in this case happened in Texas and this case has "a truly local focus". All the bad actions of Defendants occurred in Texas. All of the improper affidavits were prepared in Texas, filed in Texas, and relate to cases in Texas. All of the plaintiffs in the underlying cases in which the affidavits were filed against are residents of Texas. Allstate's Texas adjusters retained Texas counsel who hired these Texas opinion witnesses to file improper affidavits in Texas state cases.

There is nothing in Allstate's removal setting forth any national interest. Allstate issues insurance policies to Texas residents, retains Texas adjusters and lawyers, is subject to the Texas Department of Insurance to regulate its business in Texas and then commits wrongful acts in Texas. In spite of this, because Allstate incorporates in a different state, it wants this Court to maintain a case involving absolutely no nation or interstate interests.

**B.  Greater than Two-Thirds of all Proposed Class Members are Citizens of Texas**

All of the proposed class members are citizens of the State of Texas. This is established in the class definition in the Petition. (Ex. A, Plaintiff's Second Amended Class Action Petition, ¶ 11). Although not alleged, and thus not applicable here, it is theoretically possible that some out of state lawyers worked on Allstate cases in Texas involving this Texas procedural statute, but such lawyers would be subject to the jurisdiction of Texas state District Courts and the Texas state bar regulating their conduct.  Regardless, this number would be minimal.  There is nothing in the Petition, and Defendants present no evidence, establishing that less than two-thirds of all proposed class members are citizens of Texas.

**C.  Plaintiff and Class Members seek Significant Relief from Texas Defendants**

The term "significant" is defined in this district as having less importance than "primary", meaning that significant relief is something more than insignificant relief which is defined as "having little or no importance" or "trivial." *Joseph v. Unitrin, Inc.*, CIV. A. 1:08-CV-077, 2008 WL 3822938, at *9 (E.D. Tex. Aug. 12, 2008); *Caruso v. Allstate Ins. Co.*, 469 F. Supp. 2d 364, 369 (E.D. La. 2007).

Therefore, the analysis before this Court is whether Plaintiff and the class members seek relief from the Texas Defendants that is more than insignificant. *Id.*

Plaintiff sued three Texas Defendants, Chapman, Guitreau, and Schieber. All three of these Texas Defendants are integral to Plaintiff's claims. Without Plaintiffs' claims against Chapman, Guitreau, and Schieber, there would be no claims against Allstate. (Ex. A).

The allegations in Plaintiff's Petition are that Allstate improperly hired Chapman, Guitreau, and Schieber. Without Allstate hiring these unqualified experts, they would not be able to file

7

improper controverting affidavits. *Id*. As a result, much of the Petition focuses on Allstate. This does not mean that the claims and allegations against Chapman, Guitreau, and Schieber are less important than the claims against Allstate.

In Plaintiff's Original Petition, Plaintiff and the class members alleged a conspiracy between Allstate, Chapman, Guitreau, and Schieber. (Ex. B). The only reason this claim was removed, is a concern that the conspiracy claim implicated Texas' Anti-SLAPP laws – which can be immediately appealed and causes many delay issues for plaintiffs in Texas. *Backes v. Misko*, 486 S.W.3d 7 (Tex. App.—Dallas 2015, pet. denied) (holding civil conspiracy was properly dismissed pursuant to anti-SLAPP statute).

Plaintiff's Second Amended Petition sets forth in detail how Chapman, Guitreau, and Schieber are not qualified to file controverting affidavits and yet continue to make fraudulent representations regarding their qualifications. (Ex. A, ¶¶ 23-39). For example, Plaintiff's Petition sets forth how Chapman, Guitreau, and Schieber defraud Plaintiff and all class members by misrepresenting their qualifications:

> Chapman, who is not a doctor, runs a consulting firm and has a background as "reimbursement manager" at a hospital. Chapman sent out bills for hospitals and has absolutely no qualifications to opine about the reasonableness of medical bills.

(Ex. A, ¶ 23).

> Schieber worked as a nurse in the 1990's and claims this qualifies her to opine about billing rates for orthopedic surgeons, orthopedic doctors, primary care doctors, chiropractors, radiologists, diagnostic testing facilities, and others medical providers. Schieber lacks the knowledge, skill, training, education, or experience, to testify in contravention of any medical bills – unless one of the bills is a nursing bill from the 1990's.

(Ex. A, ¶ 29).

> Guitreau claims to be a "medical billing expert consultant" but her experience is in hospital administration. Guitreau, who is not a doctor, sent out bills for hospitals and has absolutely no qualifications to opine about the reasonableness of medical bills.

(Ex. A, ¶ 34).

Plaintiff's Fraud claim against Allstate does not work without the fraud claim against Chapman, Guitreau, and Schieber. Without the false representations made by Chapman, Guitreau, and Schieber, Allstate's liability does not exist.

The CAFA does not define "significant relief" but the courts interpret the phrase to mean "whether the relief sought against that defendant is significant relative to the relief sought against the other codefendants." *Caruso v. Allstate Ins. Co.,* 469 F.Supp.2d 364, 368 (E.D.La.2007) (citing *Evans v. Walter Indus., Inc*., 449 F.3d 1159, 1167 (11th Cir.2006)); S*tephenson v. Standard Ins. Co.*, SA:12-CV-01081-DAE, 2013 WL 3146977, at *8 (W.D. Tex. June 18, 2013). The primary focus is not on the allegations, but on the relief sought. *Id*.

In *Williams v. Homeland,* plaintiffs filed a class action suit against an in-state PPO network and numerous out-of-state companies. *Williams v. Homeland Ins. Co. of New York*, 657 F.3d 287, 291-92 (5th Cir. 2011). The Fifth Circuit held that significant relief was sought against the PPO because statutory damages were sought against all Defendants equally. *Id*. at 291-92. The Fifth Circuit also held that significant relief was sought against the PPO because the PPO's alleged conduct was the "common denominator with all the other defendants." *Id*.

In *Coffey v. Freeport*, the purely in-state class brought only state-law claims involving local environmental contamination, naming the in-state former owner of the polluting property, as well as several out-of-state corporate owners of the in-state defendant. *Coffey v. Freeport McMoran Copper & Gold*, 581 F.3d 1240, 1245 (10th Cir.2009). The Tenth Circuit held that the "significant

relief" requirement was satisfied because (1) all class members had claims against the local defendant, rather than merely a subset of the class; (2) all class members were seeking to hold the local defendant jointly and severally liable for all of the class damages; and (3) it was reasonably likely that the local defendant would be held equally responsible for the class damages. *Id*. at 1244–45.

In this case, all class members have claims against Allstate and Allstate's opinion witnesses. While it is possible, there are cases in which only two of the alleged experts were hired by Allstate, the allegations are collectively against Allstate and the experts hired by Allstate. Every single class member has a claim against Chapman, Guitreau, or Schieber, and most class members have claims against all three. There is no subset of the class that has claims solely against Allstate. Therefore, all class members have claims against the local defendants. *Coffey v. Freeport McMoran Copper & Gold*, 581 F.3d 1240, 1245 (10th Cir.2009).

All class members are seeking to hold all Defendants jointly and severally liable for all of the class damages. The fraud claim is against all Defendants for the improper conduct of all Defendants equally. (Ex. A, ¶ 11). All class members seek damages equally from all Defendants. (Ex. A, ¶ 42). Finally, it is clear that a jury will find that the conduct of Chapman, Guitreau, and Schieber is equally as bad as the conduct of Allstate.

There are a few courts that look at the financial ability of Defendants to pay in determining whether the significant relief requirement is met. *Robinson v. Cheetah Transp.*, CIV.A. 06-0005, 2006 WL 468820, at *3–4 (W.D. La. Feb. 27, 2006), report and recommendation adopted, *Robinson v. Cheetah Transp.*, CIV.A. 06-0005, 2006 WL 1453036 (W.D. La. May 17, 2006). The courts that look at the "small change" analysis are in the minority but must be addressed.

Plaintiff and all class members will seek the same money from Chapman, Guitreau, and Schieber as they seek from Allstate. As set forth in the Petition, Chapman, Guitreau, or Schieber are hired as experts in numerous cases, and were presumably paid large sums of money. (Ex. A). More importantly, Chapman, Guitreau, and Schieber should have E&O insurance or malpractice insurance which would cover the claims in this case.[1]

There is nothing insignificant about Plaintiff's claims against Chapman, Guitreau, and Schieber. These Texas Defendants are not like local car dealers in a products liability case. Chapman, Guitreau, and Schieber actually committed bad acts and Plaintiff is going seek full recovery from these so-called experts.

**D.  Texas Defendants Alleged Conduct Forms a Significant Basis for the Claims Asserted**

CAFA does not specifically define "significant basis" but courts look to a defendant's alleged role in the actionable conduct to determine whether that defendant's conduct forms a significant basis for plaintiffs' claims. *See Caruso v. Allstate Ins. Co.,* 469 F.Supp.2d 364, 368 (E.D.La.2007) (citing *Evans v. Walter Indus., Inc*., 449 F.3d 1159, 1167 (11th Cir.2006)).

The significant basis requirement is fulfilled "[i]f the local defendant's alleged conduct is a significant part of the alleged conduct of all the Defendants." *Kaufman v. Allstate New Jersey Ins. Co*., 561 F.3d 144, 156 (3d Cir.2009). As set forth above, district courts in this district hold that "significant" means something more than "insignificant". *Joseph v. Unitrin, Inc*., CIV. A. 1:08-CV-077, 2008 WL 3822938, at *9 (E.D. Tex. Aug. 12, 2008); *Caruso v. Allstate Ins. Co*., 469 F. Supp. 2d 364, 369 (E.D. La. 2007). Since insignificant means "having little or no

---

[1] https://www.expertwitnessexchange.com/expert-witnesses-are-you-properly-insured/  and https://www.brunswickcompanies.com/professional-liability-insurance/expert-witness-errors-omissions-insurance/

importance" or "trivial," the issue in this case is whether the Texas Defendants' conduct forms a basis for the claims asserted that has some importance. *Id*.

As set forth in Plaintiff's Second Amended Petition, the conduct of Chapman, Guitreau, and Schieber forms much more than a significant basis for the claims asserted in this case. The entire issue in this case is that Chapman, Guitreau, and Schieber are unqualified to prepare 18.001 controverting affidavits yet continue to prepare affidavits.

Allstate's argument that it is the primary target ignores the fact that without the bad acts of all Defendants equally, there is no case. Plaintiff's Petition sets forth facts establishing that all Defendants are equally liable for the bad acts alleged. (Ex. A). For example, the Petition alleges that Chapman, Guitreau, and Schieber are unqualified to prepare controverting affidavits. (Ex. A, ¶ 23, ¶ 29, and ¶ 34). The Petition also sets forth that even though Chapman, Guitreau, and Schieber are unqualified to prepare controverting affidavits, they repeatedly prepare the affidavits and repeatedly get struck by Texas state courts. (Ex. A, ¶ 25, ¶ 30, and ¶ 36).  It is these improper affidavits (sworn to by the individual defendants) which form the basis of the fraud claim and which will be the vast majority of the evidence presented at trial.

Plaintiff's Petition alleges Chapman, Guitreau, and Schieber, along with Allstate, prepare improper controverting affidavits not because they are qualified but to harass Plaintiff and the class members:

- "Allstate **and** Chapman want to harass and cause delay for the lawyers representing Plaintiffs". (Ex. A, ¶ 28) (emphasis added).

- "Allstate **and** Schieber want to harass and cause delay for the lawyers representing plaintiffs". (Ex. A, ¶ 33) (emphasis added).

- "Allstate **and** Guitreau want to harass and cause delay for the lawyers representing plaintiffs". (Ex. A, ¶ 39) (emphasis added).

Plaintiff's Petition alleges that all Defendants, including Chapman, Guitreau, and Schieber made representations claiming they "were qualified to prepare controverting affidavits". (Ex. A, ¶ 41). Plaintiff's Petition alleges that all Defendants, including Chapman, Guitreau, and Schieber "knew these representations were false". (Ex. A, ¶ 41). Plaintiff's Petition alleges that all Defendants, including Chapman, Guitreau, and Schieber "made these representations so Plaintiff and all Class Members would act on them and they caused damages to Plaintiff and all Class Members." (Ex. A, ¶ 41).

It is clear the Texas Defendants who actually signed under oath the affidavits at issue in this case forms the majority of the evidence for the claims asserted in this case and what will be proven at trial. *Hollinger v. Home State County Mut. Ins. Co.*, 5:09-CV-118, 2010 WL 11530632, at *5 (E.D. Tex. Aug. 5, 2010), aff'd sub nom. *Hollinger v. Home State Mut. Ins. Co.,* 654 F.3d 564 (5th Cir. 2011).

### E.  Principal Injuries Resulting from the Alleged Conduct Were Incurred in Texas

As set forth in Plaintiff's Petition, almost all, if not all, of the injuries that resulted from Defendants' conduct were incurred in Texas. (Ex. A, ¶ 11). The Plaintiff and all class members are attorneys in the State of Texas and all of the cases in which controverting affidavits were filed are in Texas. *Id*.

There is nothing in the Petition alleging any injuries were incurred in any other state other than Texas. (Ex. A).

**F. Any Other Similar Class Actions During the 3–year Period Preceding the Filing**

Based on searches by Plaintiff's counsel, there are no other similar class actions filed in the last three years. There are several class actions against Allstate, but none that are in any way similar to this case. There are also no class action cases against Chapman, Guitreau, or Schieber.

**G. Conclusion**

Plaintiff's Petition and the allegations in the Petition meet the local controversy exception. It also comports with the Senate Report for cases that should be remanded.  S. REP. 109-14, 39, 2005 U.S.C.C.A.N. 3, 38.  The Senate Report is clear that cases involving local issues should stay in state courts: "This provision is intended to respond to concerns that class actions with a truly local focus should not be moved to federal court under this legislation because state courts have a strong interest in adjudicating such disputes." S. REP. 109-14, 39, 2005 U.S.C.C.A.N. 3, 38.

Everything about this case has a truly local focus and state courts, not federal courts, have a strong interest in adjudicating claims like the ones in Plaintiff's Petition. *Id.*

**IV.     HOME STATE MADATORY EXCEPTION**

The home state mandatory abstention provision in the CAFA prevents a federal district court from exercising subject matter jurisdiction when "two-thirds or more of the members of all proposed plaintiff classes in the aggregate, and the primary defendants, are citizens of the State in which the action was originally filed." 28 U.S.C. § 1332(d)(4)(B); *Hollinger v. Home State Mut. Ins. Co*., 654 F.3d 564, 570 (5th Cir. 2011).

 "Primary defendants" is not defined in the statute but Senate Report defines the term as follows:

> For purposes of class actions that are subject to subsections 1332(d)(3) and (d)(5)(A), the Committee intends that "primary defendants" be interpreted to reach those defendants who are the real "targets" of the lawsuit–i.e., the defendants that would be expected to incur most of the loss if liability is found. Thus, the term "primary defendants" should include any person who has substantial exposure to significant portions of the proposed class in the action, particularly any defendant that is allegedly liable to the vast majority of the members of the proposed classes (as opposed to simply a few individual class members).

S. REP. 109-14, 43, 2005 U.S.C.C.A.N. 3, 41.

Plaintiff's Petition establishes through the allegations that the Primary Defendants as that term is defined include the individuals that signed the affidavits which form the basis of the case. The Petition sets forth facts establishing that all Defendants are equally liable for the bad acts alleged. (Ex. A, ¶ 11). Because Allstate is the one who hired Chapman, Guitreau, and Schieber, much of the Petition deals with Allstate's actions in hiring unqualified experts. (Ex. A). However, this does not mean that Chapman, Guitreau, and Schieber are not primary defendants. Without the fraudulent actions of Chapman, Guitreau, and Schieber, there are no fraudulent actions on the part of Allstate. Allstate did not prepare the affidavits, Allstate did not represent in the affidavits that they were qualified experts, and Allstate did not get struck repeatedly by Texas state courts. *Id*.

All of the class members have claims against Allstate, and at least one of the experts. More importantly, as set forth in the Petition, the vast majority of the members of the proposed classes have a claim against Chapman, Guitreau, and Schieber. (Ex. A). There is no subset of the class that has claims solely against Allstate. *Id*.

Pursuant to the home state mandatory abstention provision in the CAFA, all of the Defendants in this case, including Chapman, Guitreau, and Schieber are primary defendants. 28

U.S.C. § 1332(d)(4)(B); *Hollinger v. Home State Mut. Ins. Co.*, 654 F.3d 564, 570 (5th Cir. 2011). Therefore, this Court should remand this case back to Texas state court. *Id.*

## V.   REQUEST FOR LEAVE TO AMEND

There are very different pleading requirements in state courts than in federal courts and this is especially true in a case removed to federal court pursuant to the CAFA. *Coleman v. Estes Exp. Lines, Inc.*, 631 F.3d 1010, 1020–21 (9th Cir. 2011). As the court in *Coleman* explained:

> A plaintiff filing a putative class action in state court need satisfy only the pleading standards of that court. It is therefore possible that if a putative class action is removed from state to federal court under CAFA the complaint, as originally drafted, will not answer the questions that need to be answered before the federal court can determine whether the suit comes within the local controversy exception to CAFA jurisdiction.

When  a case is removed to federal court based on the CAFA, the district court can "require or permit" a Plaintiff to file an amended complaint "that addresses any relevant CAFA criteria."*Coleman v. Estes Exp. Lines, Inc.*, 631 F.3d 1010, 1020–21 (9th Cir. 2011); *Garcia v. Boyar & Miller, P.C.*, CIV.A.3:06CV1936-D, 2007 WL 1556961, at *6 (N.D. Tex. May 30, 2007); *Brooks v. United Dev. Funding III, L.P.*, 4:20-CV-00150-O, 2020 WL 6132230, at *12 (N.D. Tex. Apr. 15, 2020).

If this Court determines that Plaintiff's Petition fails to properly plead fact sufficient to remand, Plaintiff respectfully request this Court grant Plaintiff leave to amend the Petition to address the CAFA criteria.

## VI.   CONCLUSION

It is clear that remand is required pursuant to the local controversy exception and the home state exception. *See* 28 U.S.C. § 1332(d)(4)(A) and § 1332(d)(4)(B). For these reasons, Plaintiff and all class members pray this Court grant this Motion to Remand.

Respectfully submitted,

**RUSTY HARDIN & ASSOCIATES LLP**

By: */s/ Daniel Dutko*
    Russell Hardin, Jr.
     State Bar No. 08972800
     Federal I.D. No. 19424
     rhardin@rustyhardin.com
    Daniel R. Dutko
     State Bar No. 24054206
     Federal I.D. No. 753525
     ddutko@rustyhardin.com
    Ryan Higgins
     State Bar No. 24007362
     Federal I.D. No. 622060
     rhiggins@rustyhardin.com
5 Houston Center
1401 McKinney Street, Suite 2250
Houston, Texas 77010
Telephone: (713) 652-9000
Facsimile: (713) 652-9800

**ATTORNEYS FOR PLAINTFF**

## CERTIFICATE OF SERVICE

    I hereby certify that on March 15, 2021, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all registered parties.

    */s/ Daniel Dutko*
    Daniel R. Dutko

17