# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| **THE ESTES LAW FIRM on behalf of itself** | § | |
| **and for all others similarly situated** | § | |
| **Plaintiffs,** | § | |
| | § | |
| **V.** | § | |
| | § | |
| **ALLSTATE FIRE AND CASUALTY** | § | **CIVIL ACTION NO. 4:21-CV-00498** |
| **INSURANCE COMPANY, MARC** | § | |
| **CHAPMAN, RHONDA GUITREAU, and** | § | |
| **JANA SCHIEBER,** | § | |
| | § | |
| **Defendants.** | § | |

## DEFENDANT ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY'S RESPONSE TO PLAINTIFF'S MOTION TO REMAND

Roger D. Higgins
State Bar No. 09601500
Federal ID No. 33282
Elizabeth Lee Thompson
State Bar No. 00788290
Federal ID No. 3395610
THOMPSON, COE, COUSINS & IRONS, L.L.P.
700 North Pearl Street, 25th Floor
Dallas, Texas 75201
Telephone: (214) 871-8200
Facsimile: (214) 871-8209
E-mail: rhiggins@thompsoncoe.com
E-mail: lthompson@thompsoncoe.com

Raymond M. Kutch
State Bar No. 24072195
Federal ID No. 1117857
THOMPSON, COE, COUSINS & IRONS, L.L.P.
One Riverway, Suite 1400
Houston, Texas 77056
Telephone: (713) 403-8210
Facsimile: (713) 403-8299
E-mail: rkutch@thompsoncoe.com

**Counsel for Defendant Allstate Fire and Casualty Insurance Company**

# TABLE OF CONTENTS

TABLE OF CONTENTS...............................................................................................ii

TABLE OF AUTHORITIES ...................................................................................... iv

I.   STATEMENT OF THE NATURE AND STAGE OF THE
     PROCEEDING ..................................................................................................1

II.  STATEMENT OF ISSUES ...............................................................................1

III. SUMMARY OF THE ARGUMENT ..................................................................3

     A.   Estes Law Firm fails to meet its burden to establish that the local
          controversy exception applies because it does not establish the
          required elements that the Individual Affiant Defendants are
          defendants from whom the class seeks significant relief or that
          their conduct forms a significant basis for the claims asserted..................3

     B.   Estes Law Firm also fails to meet its burden to establish that the
          home state exception applies because it has not shown that the
          Individual Affiant Defendants are primary defendants. ............................3

     C.   Estes Law Firm waives its right to contest fraudulent joinder
          because it has not challenged that the Individual Affiant
          Defendants were improperly joined............................................................3

     D.   Estes Law Firm's request for leave to amend its petition should be
          denied as the pleading at the time of removal determines this
          Court's jurisdiction and plaintiffs lose the power to define their
          class post-removal.......................................................................................4

IV.  STANDARDS AND APPLICABLE LAW .........................................................4

V.   ARGUMENT AND AUTHORITIES..................................................................5

     A.   Estes Law Firm unsuccessfully strives to employ incorrect
          standards for the local controversy exception and home state
          exception and an incomplete rendition of legislative history. ...................5

     B.   Estes Law Firm fails to meet its burden to establish that the local
          controversy exception applies....................................................................8

          1.   Estes Law Firm does not establish that the class seeks
               "significant relief" from the Individual Affiant Defendants............9

2.      Estes Law Firm has not met its burden to establish the substantial basis element by a preponderance of the evidence. ...................................................................................14

C.      Estes Law Firm does not meet its burden to establish that the home state exception applies. ............................................................................16

D.      Estes Law Firm has not challenged that the Individual Affiant Defendants were improperly joined and thus has waived its right to contest fraudulent joinder. ......................................................................18

E.      Estes Law Firm cannot amend its petition for purposes of defeating this Court's jurisdiction over this case, and therefore its request for leave to amend its petition should be denied. ...........................................19

VI.      CONCLUSION AND PRAYER .........................................................................20

CERTIFICATE OF SERVICE ...................................................................................................22

# TABLE OF AUTHORITIES

**Page(s)**

CASES

*Aburto v. Midland Credit Mgmt., Inc.*,
No. 3:08-CV-1473, 2009 WL 2252518 (N.D. Tex. July 27, 2009)...................................12, 13

*Arbuckle Mountain Ranch of Tex., Inc. v. Chesapeake Energy Corp.*,
810 F.3d 335 (5th Cir. 2016) .........................................................................................4, 9

*Baird v. Shagdarsuren*,
No. 3:17-CV-2000-B, 2019 WL 2286084 (N.D. Tex. May 29, 2019) ......................................6

*Borden v. Allstate Ins. Co.*,
589 F.3d 168 (5th Cir. 2009) ................................................................................................18

*Braud v. Transp. Serv. Co.*,
445 F.3d 801 (5th Cir. 2006) .................................................................................2, 19, 20

*Brinston v. Koppers Indus., Inc.*,
538 F. Supp. 2d 969 (W.D. Tex. 2008)..................................................................................20

*Brooks v. United Dev. Funding III, L.P.*,
No. 4-20-CV-001559-Q, 2020 WL 6132230 (N.D. Tex. Apr. 15, 2020)..............................19

*Broquet v. Microsoft Corp.*,
No. CA-08-094, 2008 WL 2965074 (S.D. Tex. July 30, 2008)..............................................19

*Caruso v. Allstate Ins. Co.*,
469 F. Supp. 2d 364 (E.D. La. 2007)......................................................................................7

*Cedar Lodge Plantation, L.L.C. v. CSHV Fairway View I, L.LC.*,
768 F.3d 425 (5th Cir. 2014) ...................................................................................................4

*Coffey v. Freeport McMoran Copper & Gold*,
581 F.3d 1240 (10th Cir. 2009) ..............................................................................9, 11, 13

*Coleman v. Estes Exp. Lines, Inc.*,
631 F.3d 1010 (9th Cir. 2011) ...............................................................................................19

*Eckerle v. Northrop Grumman Ship, Sys., Inc.*,
No. CIV.A.10-1460, 2010 WL 2651637 (E.D. La. June 25, 2010).........................................9

*Escoe v. State Farm Fire and Casualty Co.*,
No. 07-1123, 2007 WL 1207231 (E.D. La. Apr. 23, 2007)...................................................12

*Evans v. Walter Indus., Inc.*,
449 F.3d 1159 (11th Cir. 2006) ...........................................................9, 12

*Flores v. Garcia*,
No. 13-15-00047-CV, 2015 WL 5895087
(Tex. App.–Corpus Christi Oct. 8, 2015, no pet.)...................................10

*Frazier v. Pioneer Ams. LLC*,
455 F.3d 542 (5th Cir. 2006) ..............................................................2, 5

*Garcia v. Boyar & Miller, P.C.*,
No. 3:06-CV-1936-D, 2007 WL 1556961 (N.D. Tex. May 30, 2007)..................19

*Gutierrez v. F. Miller Const., LLC*,
No. H-11-1996, 2012 WL 5361037 (S.D. Tex. Oct. 30, 2012) .........................2, 18

*Hamilton v. Burlington N. Santa Fe Ry. Co.*,
No. A-08-CA-132-SS, 2008 WL 8148619 (W.D. Tex. Aug. 8, 2008)................4, 7

*Hart v. FedEx Ground Package System Inc.*,
457 F.3d 675 (7th Cir. 2006) ...............................................................6

*Hollinger v. Home State Cty. Mut. Ins. Co.*,
5:09-CV-118, 2010 WL 11530632 (E.D. Tex. Aug. 5, 2010,
*aff'd*, 654 F.3d 564 (5th Cir. 2011))..................................................10, 16

*Hollinger v. Home State Mut. Ins. Co.*,
654 F.3d 564 (5th Cir. 2011) ........................................................6, 17, 18

*Joseph v. Unitrin, Inc.*,
No. 1:08-CV-077 2008 WL 3822938 (E.D. Tex. 2008).............................7

*Kaufman v. Allstate New Jersey Ins. Co.*,
561 F.3d 144 (3rd Cir. 2009) .............................................................14

*Lefevre v. Connextions*,
No. 3:13-CV-1780-D, 2013 WL 6241732 (N.D. Tex. Dec. 3, 2013)....................15

*MD Haynes, Inc. v. Valero Mktg. & Supply Co.*,
No. 2:17-CV-6, 2017 WL 1397744 (S.D. Tex. Apr. 19, 2017)............................14

*Opelousas Gen. Hosp. Auth. v. FairPay Solutions, Inc.*,
655 F.3d 358 (5th Cir. 2011) .........................................................14, 15, 18

*Rainbow Gun Club, Inc. v. Denbury Onshore, L.L.C.*,
760 F.3d 405 (5th Cir. 2014) ...............................................................4

*Robinson v. Cheetah Transp.*,
    No. 06-0005, 2006 WL 468820 (W.D. La. Feb. 27, 2006)................................9, 13

*Robison v. CNA Ins. Co.*,
    No. 1:17-CV-508, 2018 WL 10604116 (E.D. Tex. May 9, 2018) ..........................10

*Schillinger v. Union Pac. R. Co.*,
    425 F.3d 330 (7th Cir. 2005) ..............................................................................20

*Stephenson v. Standard Ins. Co.*,
    No. SA:12-CV-01081-DAE, 2013 WL 3146977 (W.D. Tex. June 13, 2013)..................13, 14

*Watson v. City of Allen, Tex.*,
    821 F.3d 634 (5th Cir. 2016) ..............................................................................17

*Williams v. Homeland Ins. Co. of New York*,
    657 F.3d 287 (5th Cir. 2011) ...................................................................9, 13, 16

## STATUTES

28 U.S.C.A. § 1332(d)(3)................................................................................................5

28 U.S.C.A. § 1332(d)(4)................................................................................................5

28 U.S.C.A. § 1332(d)(4)(A) ..............................................................................8, 9, 14

28 U.S.C.A. § 1332(d)(4)(B) ........................................................................................16

28 U.S.C.A. § 1447(c) ..............................................................................................2, 18

Class Action Fairness Act of 2005, Pub. L. No. 109-2, § 2, 119 Stat. 4 ........................4

## OTHER AUTHORITIES

S. Rep. 109-14, *reprinted in* 2005 U.S.C.C.A.N. 3, 2005 WL 627977 ................................7, 8, 20

COMES NOW Defendant Allstate Fire and Casualty Insurance Company ("Allstate") and files this Response to Plaintiff's Motion to Remand (Doc. 7) and in support thereof respectfully shows the Court the following:

## I.       STATEMENT OF THE NATURE AND STAGE OF THE PROCEEDING

In this purported class action, Estes Law Firm alleges that Allstate "hire[s]" individual defendants Marc Chapman, Rhonda Guitreau, and Jana Schieber (collectively, the "Individual Affiant Defendants") who are "unqualified to prepare so-called controverting affidavits" under section 18.001 of the Texas Civil Practice and Remedies Code. Doc. 1-4 at ¶¶ 22. Estes Law Firm pleads that the proposed class includes "[a]ll law firms and lawyers in the State of Texas who represented clients in cases against Allstate and Allstate's counsel and spent time and resources responding to improper controverting affidavits filed by Chapman, Guitreau, and/or Schieber." *Id.* at ¶¶ 11; *see id.* at ¶¶ 15–16. It asserts claims of fraud and injunctive and declaratory relief against Allstate and the Individual Affiant Defendants. *Id.* at ¶¶ 41–46.

On February 12, 2021, Allstate filed a Notice of Removal, removing this case to this Court based on the Class Action Fairness Act ("CAFA") diversity of citizenship and improper joinder. Doc. 1. Allstate then filed a Motion to Dismiss for Failure to State a Claim under Federal Rule of Civil Procedure 12(b)(6). Doc. 3. On March 9, 2021, the parties filed an Agreed Stipulation stating that Plaintiff's Second Amended Petition is the live pleading and the deadline for defendants to file an answer or Federal Rule 12(b) motions. Doc. 6. Estes Law Firm then filed its Motion to Remand on March 15, 2021. Doc. 7. On March 18, 2021, Defendants filed their Motions to Dismiss or Amended Motions to Dismiss, which are currently pending before the Court. Docs. 8–11.

## II.       STATEMENT OF ISSUES

**Issue 1:** Has Estes Law Firm satisfied its burden to establish by the preponderance of the evidence that all elements of the local controversy exception to the CAFA are met where (1) it

1

has not established that the putative class seeks significant relief from an in-state defendant because its supposed "evidence" is vague, unsubstantiated, and conclusory, and (2) it has not established that at least one in-state defendant's conduct forms a significant basis of the claims asserted by the putative class because it claims all defendants are equally liable and the supposedly distinguishing conduct flows from Allstate hiring the Individual Affiant Defendants to submit affidavits in cases involving Allstate and Allstate's counsel? *Frazier v. Pioneer Ams. LLC*, 455 F.3d 542, 546 (5th Cir. 2006).

**Issue 2:** Has Estes Law Firm established by the preponderance of the evidence that all elements of the home state exception to the CAFA are met where Estes Law Firm states only meritless, conclusory arguments that the Individual Affiant Defendants are "primary defendants" under the exception where the pleaded facts and law confirm that none of them are the chief defendant against whom all plaintiffs have a claim and seek relief? *Frazier*, 455 F.3d at 546.

**Issue 3:** Has Estes Law Firm waived its right to contest this Court's retaining jurisdiction based on fraudulent joinder because it has not addressed the Individual Affiant Defendants' improper joinder, as argued in the Notice of Removal? 28 U.S.C.A. § 1447(c); *see Gutierrez v. F. Miller Const., LLC*, No. H-11-1996, 2012 WL 5361037, at *2, 5 (S.D. Tex. Oct. 30, 2012).

**Issue 4:** Should Estes Law Firm's request for leave to amend its petition be denied where this Court's jurisdiction is determined by the pleadings at the time of removal and, after removal, Estes Law Firm no longer had the power to define its class in an effort to defeat this Court's jurisdiction? The standards stated in *Braud v. Transp. Serv. Co.*, 445 F.3d 801, 808 (5th Cir. 2006), govern.

### III.    SUMMARY OF THE ARGUMENT

**A.    Estes Law Firm fails to meet its burden to establish that the local controversy exception applies because it does not establish the required elements that the Individual Affiant Defendants are defendants from whom the class seeks significant relief or that their conduct forms a significant basis for the claims asserted.**

Estes Law Firm unsuccessfully argues that the local controversy exception exempts this case from CAFA jurisdiction. However, it fails to show by a preponderance of the evidence that (1) the class seeks significant relief from any of the in-state defendants, the Individual Affiant Defendants, for it only provides vague, conclusory, and unsubstantiated statements and "evidence" or (2) that at least one Individual Affiant Defendant's conduct forms a significant basis of the asserted claims because it argues that all defendants are equally liable for its claims and the supposedly distinguishing conduct it identifies flows from Allstate hiring the Individual Affiant Defendants to prepare affidavits for Allstate.

**B.    Estes Law Firm also fails to meet its burden to establish that the home state exception applies because it has not shown that the Individual Affiant Defendants are primary defendants.**

Estes Law Firm's argument that the home state exception applies is also meritless, for it fails to show by a preponderance of the evidence that any of the in-state defendants are "primary defendants" under the exception. Instead, the facts and law confirm that none of them are the chief defendant against whom the plaintiff class have claims and seek relief.

**C.    Estes Law Firm waives its right to contest fraudulent joinder because it has not challenged that the Individual Affiant Defendants were improperly joined.**

Allstate's notice of removal identified both CAFA jurisdiction and fraudulent joinder as bases for removal. Yet Estes Law Firm fails to challenge this Court's jurisdiction based on the Individual Affiant Defendants being improperly joined. As a result, Estes Law Firm has waived its right to contest jurisdiction based on fraudulent joinder and this Court should deny remand and retain jurisdiction on this basis alone.

**D.**     **Estes Law Firm's request for leave to amend its petition should be denied as the pleading at the time of removal determines this Court's jurisdiction and plaintiffs lose the power to define their class post-removal.**

Estes Law Firm's request for leave to amend its petition to "address the CAFA criteria" (Motion 21[1]) should be denied. An amendment would be irrelevant to this Court's subject-matter jurisdiction, which is determined by the pleadings at the time of removal, and plaintiffs lose the power after removal to define a proposed class in a way to avoid federal jurisdiction.

## IV.     STANDARDS AND APPLICABLE LAW

"The Class Action Fairness Act ('CAFA') confers expansive federal jurisdiction over class actions, with few and narrow exceptions." *Arbuckle Mountain Ranch of Tex., Inc. v. Chesapeake Energy Corp.*, 810 F.3d 335, 336 (5th Cir. 2016). Through "enacting CAFA, Congress sought to correct state and local court '[a]buses in class actions' such as 'bias against out-of-State defendants' by expanding federal diversity jurisdiction over interstate class actions." *Id.* (citing Class Action Fairness Act of 2005, Pub. L. No. 109-2, § 2, 119 Stat. 4). "[T]he language, structure, and history of CAFA all demonstrate that Congress contemplated broad federal court jurisdiction with only narrow exceptions." *Cedar Lodge Plantation, L.L.C. v. CSHV Fairway View I, L.LC.*, 768 F.3d 425, 429 (5th Cir. 2014) (quotation marks omitted); *see Arbuckle*, 810 F.3d at 337 ("Congress crafted CAFA to exclude only a narrow category of truly localized controversies[.]"). As a result, "[i]f the applicability of an exception is not shown with reasonable certainty, federal jurisdiction should be retained." *Arbuckle*, 810 F.3d at 338.

Estes Law Firm, as "[t]he party seeking remand" "has the burden of proving the applicability of any exceptions to CAFA jurisdiction." *Rainbow Gun Club, Inc. v. Denbury Onshore, L.L.C.*, 760 F.3d 405, 409 n.3 (5th Cir. 2014); *see Hamilton v. Burlington N. Santa Fe Ry. Co.*, No. A-08-CA-132-SS, 2008 WL 8148619, at *3 (W.D. Tex. Aug. 8, 2008) ("[I]f

---

[1] Page numbers for case documents are Electronic Case File (ECF) page numbers. Citations to Plaintiffs' Second Amended Petition refer to paragraph numbers.

Plaintiffs seek remand based on one of CAFA's multiple exceptions to federal jurisdiction, the burden is on the Plaintiffs to establish by a preponderance of the evidence that such an exception applies." (citing *Frazier*, 455 F.3d at 546)).

## V.     ARGUMENT AND AUTHORITIES

Estes Law Firm does not challenge that this Court has subject matter jurisdiction over this lawsuit under CAFA. *See* Doc. 1 at ¶¶6-15 (establishing that the Court has jurisdiction under CAFA based on the putative class's size, existence of minimal diversity, and amount in controversy). Estes Law Firm instead confines its grounds for remand to its contention that two exceptions to CAFA—the local controversy exception and the home state exception—apply. *See* 28 U.S.C.A. § 1332(d)(3)-(4). Both arguments fail. Estes Law Firm's pled claims do not satisfy numerous required elements of these exceptions. As a result, this Court should maintain jurisdiction over this lawsuit, and deny Estes Law Firm's Motion to Remand.

Moreover, even if Estes Law Firm satisfied the requirements of either the local controversy or home state CAFA exception (which it does not), it fails to address—and therefore waives the argument that removal was improper—based on the improper joinder of the Individual Affiant Defendants. Accordingly, this Court's jurisdiction is established under multiple grounds based on CAFA and complete diversity under the doctrine of improper joinder. For each of these reasons, the Court should deny Estes Law Firm's Motion to Remand.

**A.      Estes Law Firm unsuccessfully strives to employ incorrect standards for the local controversy exception and home state exception and an incomplete rendition of legislative history.**

Estes Law Firm asks the Court to apply two incorrect tests and a deficient rendition of legislative history First, it ineffectively argues that, because supposedly "nothing in this case" involves "genuinely national litigation," the "Fifth Circuit encourages this Court to look closely at the abstention provisions of CAFA." Motion 6–7. First, the case law Estes Law Firm cites

does not support this interpretation nor "encourage" a "close[]" "look" (or even mention a "close[]" "look") by the Court based on whether a case involves "genuinely national litigation." *See id.* (quoting *Hollinger v. Home State Mut. Ins. Co.*, 654 F.3d 564, 570 (5th Cir. 2011)). Estes Law Firm takes the *Hollinger* opinion's quotation of the Seventh Circuit's descriptive statement referring to "genuinely national litigation" in *Hart v. FedEx Ground Package System Inc.*, 457 F.3d 675, 682 (7th Cir. 2006) (description after quoting Congress's findings in CAFA and holding that the "plaintiff has the burden of persuasion as to whether the home-state or local controversy exceptions apply") out of context. *Hollinger* states that Congress "designed" the exceptions so that "federal courts [must] decline jurisdiction over a proposed class action if either" the local controversy exception or the home state exception "is proven by a preponderance of the evidence" through the "party objecting to CAFA jurisdiction" meeting the "burden of proof as to each element" of the exceptions. *Id.* at 571. Estes Law Firm's efforts to have this Court apply a non-existent standard untethered from its burden of proof to establish the requisite elements under each CAFA exception is not supported in law. As established below, it has not met its burden to establish the required elements and its motion fails.

Second, Estes Law Firm misdirects by, instead of meeting its burden to establish either CAFA exception applies, focusing on inapposite federal court holdings that section 18.001 is a procedural statute that "is inapplicable in federal court." *See Baird v. Shagdarsuren*, No. 3:17-CV-2000-B, 2019 WL 2286084, at *1 (N.D. Tex. May 29, 2019). Motion 10–11. Estes Law Firm is not seeking to "use" 18.001 "affidavits" as a procedural mechanism in this case. There is no personal injury or medical treatment at issue in this lawsuit. Instead, it alleges claims for fraud (and associated injunctive and declaratory relief claims) based on its assertions that "Allstate" "intentionally ignore[s] the requirements of Chapter 18 and hire[s] unqualified people to prepare so-called controverting affidavits" *in prior, entirely separate cases. See* Doc. 1-4 at ¶¶22, 41–46.

Third, Estes Law Firm proposes yet another inapplicable standard: it claims that the significant relief and the significant basis elements for the local controversy exception are satisfied if the relief sought from the Individual Affiant Defendants "is more than insignificant." Motion 12, 16–17 (whether conduct "has some importance"). But, as discussed below, whether relief or conduct is "insignificant" or "has some importance" is not the "significant relief" or "significant basis" standard that courts apply when analyzing the CAFA local controversy exception. Motion 12, 16–17. Further, the cases cited by Estes Law Firm (which are not—as it states—from this "district") construed the term "significant" in the context of comparing whether a party constitutes a "significant defendant" under the local controversy exception versus a "primary defendant" under the CAFA home state exception. *See Joseph v. Unitrin, Inc.*, No. 1:08-CV-077 2008 WL 3822938, at 8–9 (E.D. Tex. 2008); *Caruso v. Allstate Ins. Co.*, 469 F. Supp. 2d 364, 369 (E.D. La. 2007).

Fourth, Estes Law Firm relies on the Senate Report from the legislative history of CAFA. Motion 9. But "the legislative history of CAFA" "documents more debate than consensus." *Hamilton v. Burlington N. Santa Fe Ry. Co.*, No. A-08-CA-132-SS, 2008 WL 8148619, at *10 (W.D. Tex. Aug. 8, 2008). In addition, Estes Law Firm fails to discuss the Senate Report provisions, including the on-point example below, that *support* Allstate's position that, under CAFA, the in-state defendants do not satisfy the significant relief or significant basis grounds. S. Rep. No. 109-14 (2005), *reprinted in* 2005 U.S.C.C.A.N. 3, at 38, 2005 WL 627977, at *40.

> Under the second criterion, there must be at least one real local defendant. By that, the Committee intends that the local defendant must be a primary focus of the plaintiffs' claims–not just a peripheral defendant. The defendant must be a target from whom significant relief is sought by the class (as opposed to just a subset of the class membership), as well as being a defendant whose alleged conduct forms a significant basis for the claims asserted by the class. For example, in a consumer fraud case alleging that an insurance company incorporated and based in another state misrepresented its policies, a local agent of the company named as a defendant presumably would not fit this criteria. He or she probably would have had contact with only some of the purported class

members and thus would not be a person from whom significant relief would be sought by the plaintiff class viewed as a whole. Obviously, from a relief standpoint, the real demand of the full class in terms of seeking significant relief would be on the insurance company itself. Similarly, the agent presumably would not be a person whose alleged conduct forms a significant basis for the claims asserted. At most, that agent would have been an isolated role player in the alleged scheme implemented by the insurance company.[126] In this instance, the real target in this action (both in terms of relief and alleged conduct) is the insurance company, and if that company is not local, this criterion would not be met.

*Id.* In this case, Allstate is "a target from whom significant relief is sought by the class" as a whole "as opposed to" each of the Individual Affiant Defendants, from whom relief is sought from "just a subset of the class membership." *Id.* Further, in this case, as in the Senate Report's example, "the real demand of the full class" and the "real target in this action (both in terms of relief and alleged conduct) is the insurance company" Allstate. *Id.*

**B.      Estes Law Firm fails to meet its burden to establish that the local controversy exception applies.**

Estes Law Firm must establish each element of the CAFA local controversy exception by a preponderance of the evidence. Motion 8 (citing 28 U.S.C.A. § 1332(d)(4)(A)). Under the local controversy exception, if a plaintiff meets its burden to establish that the class action at issue satisfies all of the following elements, the district court shall decline to exercise jurisdiction:

(1) Greater than two-thirds of the members of all proposed plaintiff classes in the aggregate are citizens of the State in which the action was originally filed;

(2) At least 1 defendant is a defendant—

a.   from whom significant relief is sought by members of the plaintiff class;

b.   whose alleged conduct forms a significant basis for the claims asserted by the proposed plaintiff class; and

c.   who is a citizen of the State in which the action was originally filed; and

(3) principal injuries resulting from the alleged conduct or any related conduct of each defendant were incurred in the State in which the action was originally filed; and

(4) during the 3-year prior preceding the filing of that class action, no other class action has been filed asserting the same or similar factual allegations against any of the defendants on behalf of the same or other persons[.]

28 U.S.C.A. § 1332(d)(4)(A). If Estes Law Firm fails to prove any of these elements, the Court must deny its Motion to Remand. *See Arbuckle*, 810 F.3d at 338.

Estes Law Firm fails to meet its burden on two elements: (1) that any of Texas citizens that it has named as defendants—the Individual Affiant Defendants—are defendants from "whom significant relief is sought by members of the plaintiff class" and (2) that the Individual Affiant Defendants' "alleged conduct forms a significant basis for the claims asserted by the proposed plaintiff class[.]" 28 U.S.C.A. § 1332(d)(4)(A)(II)(aa)–(bb).

**1. Estes Law Firm does not establish that the class seeks "significant relief" from the Individual Affiant Defendants.**

"[W]hether a putative class seeks significant relief from an in-state defendant includes not only an assessment of how many members of the class were harmed by the defendant's actions, but also a comparison of the relief sought between all defendants and each defendant's ability to pay a potential judgment." *Evans v. Walter Indus., Inc.*, 449 F.3d 1159, 1163 (11th Cir. 2006) (quoting *Robinson v. Cheetah Transp.*, No. 06-0005, 2006 WL 468820, at *3 (W.D. La. Feb. 27, 2006)); *cf. Coffey v. Freeport McMoran Copper & Gold*, 581 F.3d 1240, 1245 (10th Cir. 2009) (not requiring "significant relief" to consider whether "relief may be obtained"). "A proposed plaintiff seeks 'significant relief' from a particular defendant when the relief sought from that defendant constitutes a significant portion of the entire relief sought by the class." *Eckerle v. Northrop Grumman Ship, Sys., Inc.*, No. CIV.A.10-1460, 2010 WL 2651637, at *2 (E.D. La. June 25, 2010); *see Coffey*, 581 F.3d at 1245 (Tenth Circuit upholding district court's determination that significant relief is sought when "the local defendant's conduct [is] significant when compared to the alleged conduct of the other defendants and that 'the relief sought against the defendant is a significant portion of the entire relief sought by the class'"); *see also Williams*

9

*v. Homeland Ins. Co. of New York*, 657 F.3d 287, 289, 292 (5th Cir. 2011) (finding "significant relief" element met where plaintiff sought "statutory damages from" operator of PPO network "in conjunction with thousands of discounts, including the [PPO operator's] discounts applied by the other defendants").

"In order to establish the applicability of the local controversy exception, Plaintiffs must demonstrate, by a preponderance of the evidence, that significant relief was sought from" the Individual Affiant Defendants. *Robison v. CNA Ins. Co.*, No. 1:17-CV-508, 2018 WL 10604116, at *11 (E.D. Tex. May 9, 2018); *see Hollinger*, 457 F.3d at 571. Yet Estes Law Firm only refers to vague, unsubstantiated, and conclusory "evidence" in an effort to prove that the class seeks "substantial relief" from the Individual Affiant Defendants.

First, it argues that the claims against the Individual Affiant Defendants are "integral" because, "without Plaintiffs' claims against Chapman, Guitreau, and Schieber, there would be no claims against Allstate." Motion 12, 14. But this is not accurate: if Estes Law Firm or purported class members desired to allege claims against Allstate based on alleged improper counteraffidavits, it could have done so (properly as part of each Texas court personal injury case that involved the allegedly wrongful affidavits (*see* Doc. 9 at 19–25)). It is unnecessary to sue the affiant to have a claim based on improper counteraffidavits. *See Flores v. Garcia*, No. 13-15-00047-CV, 2015 WL 5895087, at *2, 6–8 (Tex. App.–Corpus Christi Oct. 8, 2015, no pet.) (plaintiffs filed "Motion for Sanctions for filing of Frivolous and Groundless Counteraffidavits").

Next, Estes Law Firm argues that its Petition "sets forth in detail" how the Individual Affiant Defendants are allegedly not qualified and "ma[d]e fraudulent representations regarding their qualifications." Motion 13–14; *see id.* at 13 (stating "much of the Petition focuses on Allstate"). But those allegations are not *evidence* of Estes Law Firm seeking "significant relief"

from the Individual Affiant Defendants but rather relate to whether it stated a viable claim against them (which it did not, as established in Allstate's Motion to Dismiss). *See* Doc. 9.

Third, Estes Law Firm makes the vague assertions—without any support in its Petition or through other evidence—that "most class members have claims against all three" of Chapman, Guitreau, and Schieber. Motion 15. Its Petition—the only evidence it has submitted—nowhere states (and Estes Law Firm points to no evidence that states) that "most class members have claims against all three" individual defendants. Instead, the Petition seeks to establish a purported class composed of "[a]ll law firms and lawyers in the State of Texas who represented clients in cases against Allstate and Allstate's counsel" in which they responded to allegedly "improper controverting affidavits filed by Chapman, Guitreau, and/or Schieber." Doc. 1-4 at ¶11. Further, the Petition lists distinct (non-overlapping) cases each of which refers to an order striking the affidavit of only one of the Individual Affiant Defendants. *Id.* at ¶¶ 25, 30, 36. Plaintiff does not reference any case where all three defendants were stricken.

Estes Law Firm cites *Coffey*, 581 F.3d at 1245, after claiming "all class members have claims against the local defendants." Motion 15. But this misstates *Coffey*, where the Tenth Circuit agreed with the district court's statutory interpretation that the "significant relief element is satisfied" where "the petition claims that every potential plaintiff is entitled to recover from" the local defendant. 581 F.3d at 1244. Moreover, Estes Law Firm subsequently contradicts its argument—stating that "[a]ll of the class members have claims against Allstate, and *at least one of the experts*." Motion 20 (emphasis added).

Further, without pointing to any evidence, Estes Law Firm asserts that it "and all class members will seek the same money from Chapman, Guitreau, and Schieber as they seek from Allstate" and that "presumably" Chapman, Guitreau, and Schieber were "paid large sums of money" and "should have E&O insurance or malpractice insurance[.]" Motion 16. Its citation of

general websites concerning insurance for witnesses (with no connection to the Individual Affiant Defendants) does nothing to establish each of the Individual Affiant Defendant's "ability to pay a potential judgment." *Evans*, 449 F.3d at 1163. Motion 16 n.1.

With no evidence and only generalized, unsubstantiated claims, Estes Law Firm has not met its burden to show that the purported class seeks "substantial relief" from the Individual Affiant Defendants. Its failure to establish the "substantial relief" element is analogous to *Escoe v. State Farm Fire and Casualty Co.*, No. 07-1123, 2007 WL 1207231, at *1–3 (E.D. La. Apr. 23, 2007), which involved a putative class action brought by an insured against his insurer and insurance adjuster for alleged breach in fairly and properly adjusting his claim. The Court held that Escoe had not satisfied the "significant relief" element of the local controversy exception for various reasons, including that "it is unlikely that all of the putative class members brought their State Farm homeowners insurance from" that adjuster and the adjuster's "ability to pay any potential judgment is much smaller than State Farm's." *Id.* at *2–3. Similarly here, no evidence supports other than that each Individual Affiant Defendant submitted affidavits in a subset of the lawsuits involving putative class members and no evidence supports that the individuals defendants would have an equal ability to pay the judgment as Allstate.

Likewise, in *Aburto v. Midland Credit Mgmt., Inc.*, No. 3:08-CV-1473, 2009 WL 2252518, at *5–6 (N.D. Tex. July 27, 2009), the court concluded that "Plaintiffs have not proven by a preponderance of the evidence that they seek significant relief from" an individual attorney defendant, Thathiah. Plaintiffs claimed Thathiah had filed allegedly groundless suits against seventy-one plaintiffs on behalf of defendant Midland Credit Management, when he "knew or should have known not to file the lawsuits because Midland did not own the debts which were the subject of the lawsuits." *Id.* at *5. The court held that it could "not conclude that Plaintiffs seek 'significant relief' from Thathiah" because (1) "each Plaintiff seeks relief from Midland,"

while "only a portion of the Plaintiffs, fewer than one-half, assert claims against Thathiah" and (2) "Thathiah, one of only two individual Defendants," was likely not "anything more than 'just small change' in comparison to the relief Plaintiffs will seek from the other nine Defendants which are entities, particularly from Midland against whom each Plaintiff has a claim." *Id.* Similarly, in this case, "each Plaintiff" has a claim against the entity Allstate and Estes Law Firm has provided no evidence that any more than "a portion" of the putative class plaintiffs would assert claims against Chapman, Guitreau, or Schieber. *See Robinson*, 2006 WL 468820, at *4 (concluding tractor-trailer driver was not a defendant from whom significant relief was sought and that plaintiffs will seek "most of th[e sought] relief from those who are capable of paying it:" the "out-of-state national companies").

Moreover, the two cases that Estes Law Firm cites do not support its position. *See* Motion 14–15. *Williams*, 657 F.3d at 291-92 (in-state defendant was PPO network operator from whom "Williams's petition [sought] statutory damages" "in conjunction with thousands of discounts, including the discounts" set by PPO operator "applied by the other defendants"); *Coffey*, 581 F.3d at 1245 (concluding plaintiff satisfied that "significant relief" sought against local defendant entity that was the former owner of smelter, because—as district court concluded—all plaintiffs had claims against smelter owner for contamination from smelter and proposed class sought joint and several damages).

Further, as established in Allstate's Amended Motion to Dismiss (Doc. 9), Estes Law Firm has failed to state a claim against the Individual Affiant Defendants. As a result, "[l]ogic dictates that if a plaintiff has not stated a claim against a certain defendant, that defendant cannot be liable for 'significant relief' and cannot be considered a 'significant' defendant." *Stephenson v. Standard Ins. Co.*, No. SA:12-CV-01081-DAE, 2013 WL 3146977, at *8 (W.D. Tex. June 13, 2013). As in *Stephenson*, Estes Law Firm "has failed to state a claim against any of the"

Individual Affiant Defendants "and has thus failed to demonstrate that any of the" Individual

Affiant Defendants "qualify as 'significant' defendants." *Id.* at *9.

## 2. Estes Law Firm has not met its burden to establish the substantial basis element by a preponderance of the evidence.

Estes Law Firm also fails to meet its burden to show that there is at least one in-state

defendant "whose alleged conduct forms a significant basis for the claims asserted by the

proposed plaintiff class." 28 U.S.C.A. § 1332(d)(4)(A)(i)(II)(bb). "The plain text of 28 U.S.C.A.

§ 1332(d)(A)(i)(II)(bb) relates the alleged conduct of the local defendant, on the one hand, to all

the claims asserted in the action, on the other." *Opelousas Gen. Hosp. Auth. v. FairPay*

*Solutions, Inc.*, 655 F.3d 358, 361 (5th Cir. 2011) (quoting *Kaufman v. Allstate New Jersey Ins.*

*Co.*, 561 F.3d 144, 156 (3rd Cir. 2009)). "The provision does not require that the local

defendant's alleged conduct form a basis for each claim asserted; it requires the alleged conduct

to form a significant basis of all the claims asserted." *Id.* (quoting *Kaufman*, 561 F.3d at 156);

*see MD Haynes, Inc. v. Valero Mktg. & Supply Co.*, No. 2:17-CV-6, 2017 WL 1397744, at *3

(S.D. Tex. Apr. 19, 2017) (assessing whether "alleged conduct" of "at least one" of named in-

state defendant "forms a significant basis" of asserted claims).

Estes Law Firm ineffectively points to the allegations in its Petition of "supposed bad acts

of all Defendants equally" and that "all Defendants are equally liable" to establish Chapman,

Guitreau, and Schieber's conduct is a significant basis for the claims asserted. Motion 17. It then

argues "Plaintiff's Petition alleges Chapman, Guitreau, and Schieber, along with Allstate,

prepare improper controverting affidavits[.]" Motion 17; *see* Motion 18 ("Plaintiff's Petition

alleges that all Defendants, including Chapman Guitreau, and Schieber made representations

claiming they 'were qualified to prepare controverting affidavits[.]'" (citing Doc. 1-4 at ¶41)).

Despite these generalized assertions, the Petition "contains no information about the conduct" of

each of Chapman, Guitreau, or Schieber "relative to the conduct of the other defendants" that

distinguishes any of their individual conduct from that of the other defendants. *Opelousas*, 655 F.3d at 361. As a result, as the Fifth Circuit concluded in *Opelousas*, "the [petition] therefore does not allege facts describing" Chapman's, Guitreau's, or Schieber's "conduct so as to establish that" Chapman's, Guitreau's, or Schieber's "conduct forms a significant basis of the plaintiff's claims." *Id.* at 362; *see Lefevre v. Connexions*, No. 3:13-CV-1780-D, 2013 WL 6241732, at *5 (N.D. Tex. Dec. 3, 2013) (concluding plaintiffs failed to meet burden to establish "significant basis" element where, among other bases, "the vast majority of the allegations in the amended petition do *not* distinguish between the conduct of" the local defendant "on the one hand, and the conduct of the other defendants, on the other hand").

Even if Estes Law Firm had "include[d] allegations that distinguish[ed] the conduct" of each of the alleged in-state defendants "from that of the other defendants," *Lefevre*, 2013 WL 6241732, at *4, (which it does not), the allegation that Chapman, Guitreau or Schieber allegedly "prepar[ed] improper controverting affidavits" does not establish that this purportedly "distinguishing conduct" supports that any of the three individual defendants "is a significant defendant." *See id.* Instead, Estes Law Firm's allegations reflect that Chapman, Guitreau, and Schieber were "merely" the individuals whom Allstate hired to accomplish its allegedly fraudulent purpose through employing them to prepare improper controverting affidavits in cases against purported class members. As Estes Law Firm alleges:

> Allstate, in an effort to harass, delay, and bully plaintiffs and their lawyer, intentionally ignore[s] the requirements of Chapter 18 and hire[s] unqualified people to prepare so-called controverting affidavits in areas they have no knowledge, skill, training, education experience.

Doc. 1-4 at ¶22; *see Lefevre*, 2013 WL 6241732, at *4 (concluding that conduct alleged in Petition—alleging claims based on employment and compensation—that distinguished conduct of defendants "cut against" finding that alleged conduct of in-state defendant formed significant basis for asserted claims where local defendant was "merely a recruiting agency that did not

itself hire or purport to hire any of the plaintiffs" and plaintiffs did not sell products for local defendant, but rather for out-of-state defendant). *Cf. Williams*, 657 F.3d at 291-92 (significant basis element met where named local defendant's "alleged conduct is the common denominator with all the other defendants").

Further, Estes Law Firm makes no connection between its unsubstantiated claim that "affidavits at issue in this case form[] the majority of the evidence" and its burden to establish the "significant basis" element. Motion 17. In addition, Estes Law Firm's cited authority, does not concern its contention regarding the "majority of the evidence." Motion 17 (citing *Hollinger v. Home State Cty. Mut. Ins. Co.*, 5:09-CV-118, 2010 WL 11530632, at *5 (E.D. Tex. Aug. 5, 2010, *aff'd*, 654 F.3d 564 (5th Cir. 2011)).

Because Estes Law Firm has not met its burden to establish (1) the significant relief element or (2) the significant basis element of CAFA's local controversy exception, this Court should deny its Motion to Remand based on that exception and maintain jurisdiction over this case.

**C.     Estes Law Firm does not meet its burden to establish that the home state exception applies.**

Estes Law Firm contends that the Court should grant its Motion to Remand because the CAFA "home state mandatory exception" applies. Motion 19-21. The home state exception applies when "two-thirds or more of the members of all proposed plaintiff classes in the aggregate, and the primary defendants, are citizens of the State in which the action was originally filed." 28 U.S.C.A. § 1332(d)(4)(B).

Estes Law Firm contends that it has met its burden to establish the home state exception by contending that "all of the Defendants in this case, including Chapman, Guitreau, and Schieber are primary defendants." Motion 20. This argument fails. First, Estes Law Firm argues—without on-point authorities—that "all of the Defendants in this Case, including

Chapman, Guitreau, and Schieber are primary defendants." Motion 20. But this contention ignores governing authority. "The phrase 'primary defendants' indicates a chief defendant or chief class of defendants." *Watson v. City of Allen, Tex.*, 821 F.3d 634, 641 (5th Cir. 2016). "According it a broader meaning is inconsistent with this ordinary meaning" and there is "linguistic awkwardness" in "giving the word 'primary' a broad and inclusive meaning." *Id.* Estes Law Firm's reference to the Individual Affiant Defendants' supposed "equal liability for the bad acts" and their "fraudulent actions" (which supposedly were prerequisites to Allstate's "fraudulent actions") in preparing affidavits, representing themselves as qualified, and having their affidavits struck do not "indicate" that they are "chief defendant[s]"—and Estes Law Firm cites no authority that considers defendants in a similar position to be primary defendants under the home state exception. Motion 20. *Watson*, 821 F.3d at 641. As the Fifth Circuit concluded in *Watson*, "A person generally familiar with the case and with the English language who asked, 'Well, which are the primary defendants?' would not expect the answer to be 'all of them.'" *Id.*

The Fifth Circuit's holding in *Hollinger* further confirms that Estes Law Firm's assertion that Chapman, Guitreau, and Schieber are primary defendants lacks merit. *Hollinger* involved two categories of defendants. 654 F.3d at 568. One group of defendants—termed the "County Mutuals"—had purportedly violated the Texas Insurance Code when issuing policies. *Id.* The second group of defendants, "Reinsurers," had purportedly "participated in and permitted such violations." *Id.* The Fifth Circuit held that "[t]he County Mutuals" were "the primary defendants, because all putative class members, by definition, have claims against the County Mutuals, and as the entities that issued the insurance policies, the County Mutuals have a primary role in the alleged discrimination." *Id.* at 572; *see Watson*, 821 F.3d at 641. Similarly here, the Petition alleges that Allstate was the entity involved "in cases" in which the putative class members "represented clients" where "Allstate, in an effort to harass, delay, and bully plaintiffs and their

lawyer, intentionally ignore[d] the requirements of Chapter 18 and hire[d] unqualified people to prepare so-called controverting affidavits." Doc. 1-4 at ¶¶ 11, 22. The Individual Affiant Defendants, like the Reinsurers in *Hollinger*, purportedly "participated in and permitted such violations"—for they were the allegedly "unqualified people" that Allstate "hire[d]." 654 F.3d at 568. Doc. 1-4 at ¶¶ 11, 22.

Governing law and the facts establish that Estes Law Firm has not met its burden to show that the Individual Affiant Defendants were primary defendants under the home state exception. Therefore, Estes Law Firm fails to meet its burden under either of the two CAFA exceptions that it asserts as grounds for remand. As a result, the Court should deny its Motion for Remand.

**D.    Estes Law Firm has not challenged that the Individual Affiant Defendants were improperly joined and thus has waived its right to contest fraudulent joinder.**

"Because under 28 U.S.C.A. § 1447(c), 'a motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within thirty days after the filing of the notice of removal under § 1446(a)," Estes Law Firm "had until" March 15, 2021 "to file a motion to remand on the grounds that" Chapman, Guitreau, and Schieber were "not improperly joined, but" it "failed to do so." *Gutierrez*, 2012 WL 5361037, at *2, 5. As a result, Estes Law Firm "waives [its] right" to "contest[] the fraudulent joinder theory[.]" *Id.* at *5. Consequently, even if Estes Law Firm could establish that either of the CAFA exceptions apply (which it cannot), as established in Allstate's Notice of Removal (Doc. 1 at ¶¶21–31), this Court would still retain jurisdiction over this lawsuit because the presence of improperly joined, non-diverse defendants does not defeat federal removal jurisdiction premised on diversity. *See Borden v. Allstate Ins. Co.*, 589 F.3d 168, 171 (5th Cir. 2009); *see also Opelousas*, 655 F.3d at 360, 363 n.6 (acknowledging fraudulent joinder separate from discussion of CAFA local controversy exception). On this basis alone, Estes Law Firm's Motion to Remand should be denied.

**E.**    **Estes Law Firm cannot amend its petition for purposes of defeating this Court's jurisdiction over this case, and therefore its request for leave to amend its petition should be denied.**

Estes Law Firm "request[s] this Court grant" it leave to amend the Petition to "address the CAFA criteria" if "this Court determines that" Estes Law Firm's "Petition fails to properly plead fact[s] sufficient to remand[.]" Motion 21. But the authorities that it cites to support its request to amend constitute dicta or are inapplicable or unsupportive of its request. Motion 21 (citing or quoting *Coleman v. Estes Exp. Lines, Inc.*, 631 F.3d 1010, 1020-21 (9th Cir. 2011) (quoted excerpt concerning amending complaint was dicta in light of court's affirming district court's remand to state court); *Garcia v. Boyar & Miller, P.C.*, No. 3:06-CV-1936-D, 2007 WL 1556961, at *6 (N.D. Tex. May 30, 2007) (granting "plaintiffs' motions for leave to file amended complaints, but" holding "that the filing of the amended complaints will not result in remanding these cases"); *Brooks v. United Dev. Funding III, L.P.*, No. 4-20-CV-001559-Q, 2020 WL 6132230, at *12 (N.D. Tex. Apr. 15, 2020) (Court allowing plaintiff to amend complaint to establish that federal court has subject matter jurisdiction).

Instead, any amendment by Estes Law Firm in an effort to "address the CAFA criteria" (Motion 21) would not affect this Court's subject-matter jurisdiction and proper retention of the case. Such an amendment would be "irrelevant to this Court's subject matter jurisdiction, which is determined by reference to the operative pleadings at the time of removal." *Broquet v. Microsoft Corp.*, No. CA-08-094, 2008 WL 2965074, at *3 (S.D. Tex. July 30, 2008) (citing *Braud v. Transp. Serv. Co.*, 445 F.3d 801, 808 (5th Cir. 2006)). "[O]nce a federal court properly has jurisdiction over a case removed to federal court, subsequent events generally cannot 'oust' the federal court of jurisdiction." *Braud*, 445 F.3d at 808. "While plaintiffs undoubtedly possess some power to seek to avoid federal jurisdiction by defining a proposed class in particular ways, they lose that power once a defendant has properly removed a class action to federal court." *Id.*

(citing S. Rep. No. 109-14); *see Brinston v. Koppers Indus., Inc.*, 538 F. Supp. 2d 969, 975 (W.D. Tex. 2008) ("Even the fact that a purported class is not actually appropriate for certification does not destroy CAFA jurisdiction, because jurisdiction is based on class allegations in the pleadings at the time of removal."); *see also Braud*, 445 F.3d at 808 (if party amends a complaint "in a way that destroys diversity[,]" "the court must consider the reasons behind the amendment" and "[i]f the plaintiff amended simply to destroy diversity, the district court should not remand" (quoting *Schillinger v. Union Pac. R. Co.*, 425 F.3d 330, 334 (7th Cir. 2005)). As a result, Estes Law Firm's request for leave to amend should be denied.

## VI. <u>CONCLUSION AND PRAYER</u>

Based upon the foregoing, Defendant Allstate Fire and Casualty Insurance Company respectfully requests this Court deny Plaintiff's Motion to Remand and request to amend its petition, maintain jurisdiction over this matter as it has been properly removed to federal court, and for all such further relief to which Allstate may be justly entitled.

Respectfully submitted,

*/s/ Roger D. Higgins*
Roger D. Higgins – Attorney in Charge
State Bar No. 09601500
Federal ID No. 33282
Elizabeth Lee Thompson
State Bar No. 00788290
Federal ID No. 3395610
THOMPSON, COE, COUSINS & IRONS, L.L.P.
700 North Pearl Street, 25th Floor
Dallas, Texas 75201
Telephone: (214) 871-8200
Facsimile: (214) 871-8209
E-mail: rhiggins@thompsoncoe.com
E-mail: lthompson@thompsoncoe.com

Raymond M. Kutch
State Bar No. 24072195
Federal ID No. 1117857
THOMPSON, COE, COUSINS & IRONS, L.L.P.
One Riverway, Suite 1400
Houston, Texas 77056
Telephone: (713) 403-8210
Facsimile: (713) 403-8299
E-mail: rkutch@thompsoncoe.com

COUNSEL FOR ALLSTATE FIRE AND
CASUALTY INSURANCE COMPANY

**CERTIFICATE OF SERVICE**

This is to certify that on April 5, 2021, a true and correct copy of the foregoing was delivered to the following counsel of record via E-service:

Rusty Hardin
rhardin@rustyhardin.com
Daniel R. Dutko
ddutko@rustyhardin.com
Ryan Higgins
rhiggins@rustyhardin.com
RUSTY HARDIN & ASSOCIATES LLP
5 Houston Center
1401 McKinney Street, Suite 2250
Houston, TX 77010
Telephone: (713) 652-9000
Facsimile: (713) 652-9800
*Counsel for Plaintiff*

*/s/ Roger D. Higgins*
Roger D. Higgins