IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| THE ESTES LAW FIRM on behalf of itself and for all others similarly situated | § § § | |
| v. | § | CIVIL ACTION NO. 4:21-CV-00498 |
| ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY, MARC CHAPMAN, RHONDA GUITREAU, and JANA SCHIEBER | § § § § § § | |

**PLAINTIFF'S REPLY TO
DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION TO REMAND**

TO THE HONORABLE COURT:

COMES NOW Plaintiff, The Estes Law Firm, on behalf of itself and all other similarly situated class members and file this Reply to the Response to Plaintiff's Motion to Remand in response to the Notice of Removal filed by Defendant Allstate Fire and Casualty Insurance ("Allstate"). In support, Plaintiff and all class members show this Court as follows:

**I.      Introduction**

There are certain facts Defendants cannot escape from:

- Everything that occurred in this case happened in Texas and this case has "a truly local focus";

- None of the potential plaintiffs have claims against Allstate alone – because the case involves Allstate hiring at least one (and usually two or three) of the Texas "experts";

- Plaintiff's fraud claim against Allstate does not work without the fraud claim against Chapman, Guitreau, and Schieber;

1

- Without the false representations made by Chapman, Guitreau, and Schieber, Allstate's liability does not exist; and

- There is nothing in Allstate's Response setting forth any national interest.

The Senate Report for the CAFA makes it clear that cases involving local issues should stay in state courts: "**This provision is intended to respond to concerns that class actions with a truly local focus should not be moved to federal court under this legislation because state courts have a strong interest in adjudicating such disputes**." S. REP. 109-14, 39, 2005 U.S.C.C.A.N. 3, 38 (emphasis added).

## II. <u>Significant Relief</u>

Even though Allstate does not like it, the fact remains that the term "significant" is defined in this district as having less importance than "primary", meaning that significant relief is something more than insignificant relief which is defined as "having little or no importance" or "trivial." *Joseph v. Unitrin, Inc.*, CIV. A. 1:08-CV-077, 2008 WL 3822938, at *9 (E.D. Tex. Aug. 12, 2008); *Caruso v. Allstate Ins. Co.*, 469 F. Supp. 2d 364, 369 (E.D. La. 2007). The analysis before this Court is whether Plaintiff and the class members seek relief from the Texas Defendants that is more than insignificant. *Id*.

Allstate disregards this standard because Plaintiff's Second Amended Complaint clearly establishes that Plaintiff and the class members are seeking significant relief from Chapman, Guitreau, and Schieber.

Plaintiff's Second Amended Petition sets forth in detail how Chapman, Guitreau, and Schieber are not qualified to file controverting affidavits and yet continue to make fraudulent representations regarding their qualifications. (Ex. A to Motion to Remand, ¶¶ 23-39).

Additionally, every class member has a claim against Chapman, Guitreau, or Schieber, and most class members have claims against all three. There is no subset of the class that has claims solely against Allstate. Therefore, all class members have claims against the local defendants. *Coffey v. Freeport McMoran Copper & Gold*, 581 F.3d 1240, 1245 (10th Cir.2009). All class members are seeking to hold all Defendants jointly and severally liable for all of the class damages. The fraud claim is against all Defendants for the improper conduct of all Defendants equally. (Ex. A, ¶ 11). All class members seek damages equally from all Defendants. (Ex. A to Motion to Remand, ¶ 42).

There is nothing insignificant about Plaintiff's claims against Chapman, Guitreau, and Schieber. These so-called experts actually committed bad acts and Plaintiff is going to seek full recovery from these so-called experts.

### III. **Primary Defendants**

"Primary defendants" is not defined in the statute, but Senate Report defines the term as follows: "Thus, the term 'primary defendants' should include any person who has substantial exposure to significant portions of the proposed class in the action, particularly any defendant that is allegedly liable to the vast majority of the members of the proposed classes (as opposed to simply a few individual class members)." S. REP. 109-14, 43, 2005 U.S.C.C.A.N. 3, 41.

The Petition sets forth facts establishing that all Defendants are equally liable for the bad acts alleged. (Ex. A to Motion to Remand, ¶ 11). Because Allstate is the one who hired Chapman, Guitreau, and Schieber, much of the Petition deals with Allstate's actions in hiring unqualified experts. Without the fraudulent actions of Chapman, Guitreau, and Schieber, there are no fraudulent actions on the part of Allstate. (Ex. A to Motion to Remand). Allstate did not prepare

3

the affidavits, Allstate did not represent in the affidavits that they were qualified experts, and Allstate did not get struck repeatedly by Texas state courts. *Id*.

All of the class members have claims against Allstate, and at least one of the experts. More importantly, as set forth in the Petition, the vast majority of the members of the proposed class have a claim against Chapman, Guitreau, and Schieber. (Ex. A to Motion to Remand). There is no subset of the class that has claims solely against Allstate. *Id*.

## IV. Leave to Amend

This Court has discretion to allow Plaintiff the opportunity to replead facts regarding the CAFA. *Coleman v. Estes Exp. Lines, Inc*., 631 F.3d 1010, 1020–21 (9th Cir. 2011); *Garcia v. Boyar & Miller, P.C.*, CIV.A.3:06CV1936-D, 2007 WL 1556961, at *6 (N.D. Tex. May 30, 2007); *Brooks v. United Dev. Funding III, L.P*., 4:20-CV-00150-O, 2020 WL 6132230, at *12 (N.D. Tex. Apr. 15, 2020). When a case is removed to federal court based on the CAFA, the district court can "require or permit" a Plaintiff to file an amended complaint "that addresses any relevant CAFA criteria." *Id.*

If this Court determines that Plaintiff's Petition fails to properly plead fact sufficient to remand, Plaintiff respectfully request this Court grant Plaintiff leave to amend the Petition to address the CAFA criteria.

## V. CONCLUSION

It is clear that remand is required pursuant to the local controversy exception and the home state exception. *See* 28 U.S.C. § 1332(d)(4)(A) and § 1332(d)(4)(B). For these reasons, Plaintiff and all class members pray this Court grant the Motion to Remand.

Respectfully submitted,

**RUSTY HARDIN & ASSOCIATES LLP**

By: */s/ Daniel Dutko*
    Russell Hardin, Jr.
      State Bar No. 08972800
      Federal I.D. No. 19424
      rhardin@rustyhardin.com
    Daniel R. Dutko
      State Bar No. 24054206
      Federal I.D. No. 753525
      ddutko@rustyhardin.com
    Ryan Higgins
      State Bar No. 24007362
      Federal I.D. No. 622060
      rhiggins@rustyhardin.com
5 Houston Center
1401 McKinney Street, Suite 2250
Houston, Texas 77010
Telephone: (713) 652-9000
Facsimile: (713) 652-9800

**ATTORNEYS FOR PLAINTFF**

# CERTIFICATE OF SERVICE

I hereby certify that on April 15, 2021, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all registered parties.

    */s/ Daniel Dutko*
    Daniel R. Dutko