# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | |
|---|---|
| **THE ESTES LAW FIRM on behalf of itself and for all others similarly situated** § § § § **Plaintiffs,** § § **V.** § § **ALLSTATE FIRE AND CASUALTY** § **INSURANCE COMPANY, MARC** § **CHAPMAN, RHONDA GUITREAU, and** § **JANA SCHIEBER,** § § **Defendants.** § | **CIVIL ACTION NO. 4:21-CV-00498** |

## DEFENDANT ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY'S REPLY IN SUPPORT OF ITS RULE 12(b)(6) AMENDED MOTION TO DISMISS

Roger D. Higgins
State Bar No. 09601500
Federal ID No. 33282
Elizabeth Lee Thompson
State Bar No. 00788290
Federal ID No. 3395610
THOMPSON, COE, COUSINS & IRONS, L.L.P.
700 North Pearl Street, 25th Floor
Dallas, Texas 75201
Telephone: (214) 871-8200
Facsimile: (214) 871-8209
E-mail: rhiggins@thompsoncoe.com
E-mail: lthompson@thompsoncoe.com

Raymond M. Kutch
State Bar No. 24072195
Federal ID No. 1117857
THOMPSON, COE, COUSINS & IRONS, L.L.P.
One Riverway, Suite 1400
Houston, Texas 77056
Telephone: (713) 403-8210
Facsimile: (713) 403-8299
E-mail: rkutch@thompsoncoe.com

**Counsel for Defendant Allstate Fire and Casualty Insurance Company**

# TABLE OF CONTENTS

TABLE OF CONTENTS ................................................................................................... ii

TABLE OF AUTHORITIES ........................................................................................... iii

INTRODUCTION ............................................................................................................1

ARGUMENT ....................................................................................................................1

    I.       Estes Law Firm applies an incorrect Rule 12(b)(6) standard and misconstrues the numerous bases for dismissal in Allstate's Motion ......................1

    II.      Estes Law Firm's responsive arguments do nothing to disprove that it has failed to state a claim for fraud and the derivative claims for injunctive and declaratory relief under its pleading and Texas law. ...............................................2

          A.      Estes Law Firm cannot avoid that its pleading fails as a matter of law to plead the essential fraud elements that Defendants knowingly made a false representation that Counteraffiants were qualified to prepare controverting affidavits. ...............................................2

          B.      Estes Law Firm's responsive arguments do nothing to disprove that, under Texas law, the position that Counteraffiants are qualified has merit. ...............................................................................4

    III.     Estes Law Firm's focus on the availability of sanctions avoids Allstate's argument that any complaint concerning the sufficiency of the controverting affidavit should have been asserted during the case-in-chief of the original lawsuit. .......................................................................................6

    IV.     Estes Law Firm's contention that the judicial proceeding privilege does not apply lacks merit. ...........................................................................................8

    V.      Estes Law Firm fails to controvert that it cannot recover the "time and expense" that it seeks as damages. .........................................................................10

    VI.     Estes Law Firm's request for leave to amend its complaint is insufficient under Rule 15(a) and, even if it was sufficient, the request fails because any amendment would be futile. .............................................................................11

PRAYER ........................................................................................................................12

CERTIFICATE OF SERVICE ......................................................................................14

# **TABLE OF AUTHORITIES**

**Page(s)**

**CASES**

*Alydeska Pipeline Serv. Co. v. Wilderness Soc'y*,
   421 U.S. 240 (1975) ................................................................................................... 10

*Amex Elec. Servs., Inc. v. Blanchard Refining Co., LLC*,
   No. 3:18-CV-00268, 2020 WL 622792 (S.D. Tex. Jan. 15, 2020) ............................... 4

*Cajun Servs. Unlimited, LLC v. Benton Energy Serv. Co.*,
   No. 17-491, 2020 WL 3755969 (E.D. La. Jan. 23, 2020) .......................................... 10

*Cantey Hanger, LLP v. Byrd*,
   467 S.W.3d 477 (Tex. 2015) (Green, J., dissenting) ............................................. 9, 10

*Carillo v. Morrison*, No. 352-286524-16, 2018 WL 8193416
   (352nd Dist. Ct., Tarrant County, Tex., June 19, 2018) ............................................. 6

*Cinel v. Connick*,
   15 F.3d 1338 (5th Cir. 1994) ........................................................................................ 6

*Collins v. Morgan Stanley Dean Witter*,
   224 F.3d 496 (5th Cir. 2000) ........................................................................................ 1

*Cortez v. Republic Servs., Inc.*, No. 048-305895-19, 2019 WL 8955750
   (48th Dist. Ct., Tarrant County, Tex., Aug. 20, 2019) ................................................ 6

*Crawford Fitting Co. v. J.T. Gibbons, Inc.*,
   482 U.S. 437 (1987) ................................................................................................... 10

*Crowe v. Henry*,
   43 F.3d 198 (5th Cir. 1995) .......................................................................................... 5

*Darden v. Allstate Fire & Cas. Ins. Co.*, No. 153-297363-18, 2019 WL 6299068
   (153rd Dist. Ct., Tarrant County, Tex., Feb. 8, 2019) ................................................ 6

*Flores v. Garcia*, No. 13-15-00047-CV, 2015 WL 5895087
   (Tex. App.—Corpus Christi Oct. 8, 2015, no pet.) ................................................ 7, 8

*Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*,
   313 F.3d 305 (5th Cir. 2002) ...................................................................................... 11

*Guidry v. Bank of LaPlace*,
   954 F.2d 278 (5th Cir 1992) ........................................................................................ 3

*Hicks v. Allstate Fire & Cas. Ins. Co.*, No. 048-309284-19, 2020 WL 6435085
    (48th Dist. Ct., Tarrant County, Tex., Feb. 24, 2020) ..................................................................6

*Hoffman v. L & M Arts*,
    838 F.3d 568 (5th Cir. 2016) ......................................................................................................4

*Hopwood v. Jackson,* No. 096j-297562-18, 2019 WL 6499059
    (96th Dist. Ct., Tarrant County, Tex., July 12, 2019) ..................................................................6

*James v. Brown*,
    637 S.W.2d 914 (Tex. 1982) ....................................................................................................10

*JPMorgan Chase Bank, N.A. v. Orca Assets G.P., L.L.C.*,
    546 S.W.3d 648 (Tex. 2018) ....................................................................................................12

*Lopez v. Collins*, No. 348-271346-14, 2015 WL 12567407
    (348th Dist. Ct., Tarrant County, Tex., Oct. 2, 2015) ..................................................................6

*Melancon v. Carnival Corp.*,
    835 Fed. App'x 721 (5th Cir. Nov. 6, 2020) .............................................................................11

*Miles v. Allstate Fire & Cas. Ins. Co.*, No. 19-DCV-269503, 2020 WL 5940076
    (458th Dist. Ct., Fort Bend County, Tex., Apr. 20, 2020) ..........................................................6

*Norris v. Hearst Trust*,
    500 F.3d 454 (5th Cir. 2007) ......................................................................................................6

*Orellana v. Torrence*,
    No. 17DCV239705 (240th Dist. Ct., Fort Bench County, Tex., Dec. 6, 2018) .........................6

*Parham v. Clinton*,
    374 Fed. App'x 503 (5th Cir. 2010) .........................................................................................11

*Payne v. Luthe*, No. DC-19-02920, 2020 WL 5035954
    (193rd Dist. Ct., Dallas County, Tex., Jan. 28, 2020) ................................................................6

*Prater v. Ukandu*, No. DC-18-02488, 2019 WL 5697052
    (116th Dist. Ct., Dallas County, Tex., June 25, 2019) ...............................................................6

*Rio Grande Royalty Co. v. Energy Transfer Partners*,
    620 F.3d 465 (5th Cir. 2010) ....................................................................................................11

*Rittinger v. Davis Clinic*,
    No. 4:17-CV-626, 2018 WL 690869 (S.D. Tex. Feb. 1, 2018) .................................................2

*Servicios Azucareros de Venezuela, C.A. v. John Deer Thobodeaux, Inc.*,
    702 F.3d 794 (5th Cir. 2012) ......................................................................................................2

*Summit Valley Industries, Inc. v. Local 112, United Brotherhood of Carpenters*
 *& Joiners of America*,
 456 U.S. 717 (1982) ................................................................................................10

*Unimobil 84, Inc. v. Spurney*,
 797 F.2d 214 (5th Cir. 1986) ....................................................................................4

*Vickery v. Therrien*,
 No. 342-288290-16, 2017 WL 10187357 (Tarrant County, Tex., Dec. 7, 2017) .......6

*Ward v. Hudnell*,
 366 F.2d 247 (5th Cir. 1966) ....................................................................................5

*U.S. ex rel. Willard v. Humana Health Plan of Tex. Inc.*,
 336 F.3d 375 (5th Cir. 2003) ..................................................................................11

**RULES**

FED. R. CIV. P. 9(b) ...........................................................................................................3

FED. R. CIV. P. 12(b)(6) ............................................................................................2, 5, 6

FED. R. CIV. P. 15(a) .......................................................................................................11

**STATUTES**

TEX. CIV. PRAC. & REM. CODE §18.001 ..........................................................................4

Defendant Allstate Fire and Casualty Insurance Company ("Allstate") files this Reply and Brief in Support of Its Rule 12(b)(6) Amended Motion to Dismiss (Doc. 9) ("Reply").

## INTRODUCTION

Plaintiff Estes Law Firm's Response (Doc. 17) to Allstate's Motion to Dismiss asserts nothing to refute that it fails to state a claim and its Petition should be dismissed under Rule 12(b)(6). It applies an incorrect Rule 12(b)(6) standard and misconstrues Allstate's bases for dismissal. Further, (1) it has failed as a matter of law to plead the essential fraud elements that Defendants knowingly made a false representation concerning Counteraffiants' qualifications, (2) it has not addressed that, under Texas law, the position that Counteraffiants are qualified has merit, (3) its (inaccurate) argument concerning the availability of sanctions fails to address Allstate's argument that Estes Law Firm's complaints concerning the qualifications of Counteraffiant should have been asserted in each underlying lawsuit, (4) it fails to disprove that the judicial proceeding privilege applies, and (5) it does not refute that it is unable to recover the "time and expense" of lawyers that it seeks as damages in this litigation. All of these grounds call for dismissal of its claims with prejudice.

## ARGUMENT

**I.  Estes Law Firm applies an incorrect Rule 12(b)(6) standard and misconstrues the numerous bases for dismissal in Allstate's Motion.**

Estes Law Firm contends that "when determining whether this case should be dismissed, this Court does not look to outside case law, this Court looks at Plaintiff's pleadings." Resp. 4. But this is incorrect: Estes Law Firm improperly conflates the restriction that, "[i]n considering a motion to dismiss for failure to state a claim, a district court must limit itself to the contents of the pleadings, including attachments thereto[,]" *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000), with the court's task of "assess[ing] the legal sufficiency of the complaint."

*Servicios Azucareros de Venezuela, C.A. v. John Deer Thobodeaux, Inc.*, 702 F.3d 794, 806 (5th Cir. 2012). When determining whether to grant a motion to dismiss, a court considers the applicable law. FED. R. CIV. P. 12(b)(6); *see, e.g., Rittinger v. Davis Clinic*, No. 4:17-CV-626, 2018 WL 690869, at *1–2 (S.D. Tex. Feb. 1, 2018) (considering "applicable law" in ruling on 12(b)(6) motion to dismiss).

Further, Plaintiff's portrayal of "Defendants' Motions" to Dismiss as "primarily an analysis of other cases or arguments regarding available sanctions in state court cases" (Resp. 1) misconstrues and obfuscates Allstate's numerous bases for its motion to dismiss. These include that Estes Law Firm's pleading and Texas law disprove that Defendants knowingly made a false representation that the Counteraffiants were qualified to prepare section 18.001 counteraffidavits, that principles of finality, attorney immunity, and litigation privilege precluded Estes Law Firm's pleaded claims, and the longstanding American Rule bars the recovery of fees and expenses that Estes Law Firm seeks as purported damages. *See* Doc. 9 at 10–11, 12–27.[1] Estes Law Firm's claims of fraud and declaratory and injunctive relief fail on each of these bases.

## II. Estes Law Firm's responsive arguments do nothing to disprove that it has failed to state a claim for fraud and the derivative claims for injunctive and declaratory relief under its pleading and Texas law.

### A. Estes Law Firm cannot avoid that its pleading fails as a matter of law to plead the essential fraud elements that Defendants knowingly made a false representation that Counteraffiants were qualified to prepare controverting affidavits.

Estes Law Firm attempts to sidestep its insufficient pleading by claiming Defendants argue their claims "somehow fail" because "some courts" have "not struck" Counteraffiants' counteraffidavits and then positing (without any authority) various reasons why courts may not

---

[1] Page number references refer to ECF page numbers.

have struck the Counteraffidavits. Resp. 2. But, as Allstate argued, Estes law Firm's *petition fails to sufficiently plead* required elements for its fraud (and derivative declaratory relief) claims sufficient to survive a 12(b)(6) challenge. Doc. 9 at 13–14. Indeed, on the face of the Estes Law Firm petition, it pleads that underlying trial courts may have stricken Counteraffiants in some cases but not in others. *Id.* This pleaded fact is fatal to the Estes Law Firm's claims because it disproves a key critical element of its claims: that Defendants "knew the[ir] representations" that "Chapman, Guitreau, and Schieber were qualified to prepare controverting affidavits" were "false." *Id.*

Instead of addressing its failure to state a claim upon which relief can be granted, Estes Law Firm's Response makes unsupported conclusory assertions, including that "[t]he Petition establishes that Defendants all know that these so-called experts are not qualified" and "knew that representations that these so-called experts are qualified were false or made recklessly." Resp. 4–5. Estes Law Firm's failure to address its pleading shortfall—that Estes Law Firm has not sufficiently pleaded that Defendants knowingly made a false representation and Counteraffiants were qualified, as they pled only that their counteraffidavits are "constantly" or "repeatedly" struck, not that they are always struck or always deemed unqualified—dictates that its fraud claim (and derivative claims) must be dismissed. Doc. 9 at 15–16.

Further, Estes Law Firm meritless attempts to cloak its failure to satisfy Rule 9(b)'s requirement that it "state with particularity the circumstances constituting fraud[.]" FED. R. CIV. P. 9(b). Resp. 3. But its reference to Rule 9(b)'s particularity requirement "differ[ing] with the facts of each case" and to the continuing application of Rule 8's pleading requirements in cases where Rule 9(b) applies does nothing to affect its pleading insufficiency under Rule 12(b)(6). Resp. 3. Indeed, its cited authority underscores that "the plaintiff must allege with particularity 'the defendant's acts which the plaintiff contends amount to fraud.'" *Guidry v. Bank of LaPlace*,

3

954 F.2d 278, 288 (5th Cir 1992) (quoting *Unimobil 84, Inc. v. Spurney*, 797 F.2d 214, 217 (5th Cir. 1986). Estes Law Firm does not, and cannot, meet the Rule 9(b) pleading requirements where it only states that the Counteraffiants' counteraffidavits have been struck in various—but not all—cases. This general allegation does not establish that Defendants knew that the Counteraffiants were not qualified and misrepresented that they were. *See Hoffman v. L & M Arts*, 838 F.3d 568, 577 (5th Cir. 2016) (requiring district courts to enforce Rule 9(b) "strictly, requiring a plaintiff pleading fraud to specify the statements contended to be fraudulent . . . and explain why the statements were fraudulent"). Estes Law Firm's failure to meet Rule 9(b)'s pleading requirement results in "dismissal under Rule 12." *Amex Elec. Servs., Inc. v. Blanchard Refining Co., LLC*, No. 3:18-CV-00268, 2020 WL 622792, at *5 (S.D. Tex. Jan. 15, 2020).

### B. Estes Law Firm's responsive arguments do nothing to disprove that, under Texas law, the position that Counteraffiants are qualified has merit.

Estes Law Firm fails to address Allstate's argument that Texas case authorities support Allstate's position that Counteraffiants are qualified and that Allstate's contentions that the Counteraffiants meet Civil Practice and Remedies Code §18.001 qualifications are not false representations. Doc. 9 at 5–6, 16–19. *See* TEX. CIV. PRAC. & REM. CODE §18.001. These cases (including Texas Supreme Court and appellate decisions, an appellate dissent, and a petition currently pending before the Texas Supreme Court) also portray that the issue of what qualifications a counteraffiant must possess to prepare a counteraffidavit is unsettled. *Id.* Yet instead of addressing this authority, Estes Law Firm merely labels the legal argument "bizarre" and refers to the "33 cited" trial court orders "cited in their petition" that struck Counteraffiants' affidavits. Resp. 4. These trial court orders on motions to strike do nothing to address Allstate's argument concerning precedential Supreme Court and appellate authority, as well as the Supreme Court's current consideration of what constitutes sufficient qualifications for a counteraffiant.

4

Doc. 9 at 5–6, 16–19. All underscore that, under Texas law, Defendants did not knowingly make a "false" representation regarding Counteraffiants' qualifications—which irreparably guts Estes Law Firms' claims.

Two additional aspects of Estes Law Firm's argument likewise fail: Allstate does not argue—as Estes Law Firm contends—that a "lack of clarity" in Section 18.001 "allows Allstate to hire unqualified 'experts' to prepare controverting affidavits." Resp. 4. Instead, as Allstate outlined in its Motion to Dismiss, courts have rendered differing opinions concerning the effect and application of Section 18.001 (and jurists have noted the questions left unanswered by the statute), including concerning what constitutes adequate qualifications to act as a counteraffiant, and when a trial court errs by ruling that a counteraffiant is not qualified to prepare a counteraffidavit under section 18.001(f). Doc. 9 at 18–19 (authorities cited therein). These differing legal opinions reinforce that Estes Law Firm's claim for fraud based on Allstate's supposed misrepresentation that Counteraffiants were qualified to prepare counteraffidavits lacks merit—and, as a result, Estes Law Firm has failed to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6).

Second, Estes Law Firm erroneously points to "Defendants [not] identif[ying] more than one case in which a court allowed [Counteraffiants'] controverting affidavits" as establishing that "they were [not] qualified[.]" Resp. 4. Estes Law Firm's contention attempts to place a burden on Allstate that conflicts with the scope of a Rule 12(b)(6) motion to dismiss, which solely concerns whether the allegations in Estes Law Firm's pleadings entitle it to relief. *See Crowe v. Henry*, 43 F.3d 198, 203 (5th Cir. 1995) (a "motion to dismiss an action for failure to state a claim" "challenges the plaintiff's right to relief based upon the[e] facts" "alleged in the complaint" (quoting *Ward v. Hudnell*, 366 F.2d 247, 249 (5th Cir. 1966)). Yet even if identifying such other

cases was Allstate's burden, the public record reflects that, in numerous instances, courts have denied motions to strike Chapman, Guitreau, and Schieber, deeming them *qualified*.² *Cinel v. Connick*, 15 F.3d 1338, 1343 n.6 (5th Cir. 1994) ("In deciding a 12(b)(6) motion to dismiss, a court may permissibly refer to matters of public record."); *see Norris v. Hearst Trust*, 500 F.3d 454, 461 n.9 (5th Cir. 2007) ("[I]t is clearly proper in deciding a 12(b)(6) motion to take judicial notice of matters of public record."). Regardless, the outcome of a motion to strike, whether positive or adverse, does not matter for this Court's analysis of whether Estes Law Firm pleaded a viable cause of action. Indeed, any motion to strike in the context of Rule 18.002 summarily addresses whether a personal injury plaintiff may take advantage of a statutory hearsay exception—nothing more. For these reasons, the Court should dismiss Estes Law Firm's causes of action because it fails to state a claim for this relief could be granted. FED. R. CIV. P. 12(b)(6).

### III. Estes Law Firm's focus on the availability of sanctions avoids Allstate's argument that any complaint concerning the sufficiency of the controverting affidavit should have been asserted during the case-in-chief of the original lawsuit.

Estes Law Firm groundlessly frames its response to Allstate's argument that its claims are precluded and should have been asserted in the earlier lawsuit where the sufficiency of the counter-affidavit was at issue by focusing on (1) the "ability to seek sanctions" and whether a sanctions motion would be successful and (2) striving to distinguish Allstate's cited authorities. Resp. 5–6.

---

² *See, e.g., Hicks v. Allstate Fire & Cas. Ins. Co.*, No. 048-309284-19, 2020 WL 6435085, at *1 (48th Dist. Ct., Tarrant County, Tex., Feb. 24, 2020) (denying motion to strike Chapman's controverting affidavit); *Prater v. Ukandu*, No. DC-18-02488, 2019 WL 5697052, at *1 (116th Dist. Ct., Dallas County, Tex., June 25, 2019) (same); *Hopwood v. Jackson*, No. 096j-297562-18, 2019 WL 6499059, at *1 (96th Dist. Ct., Tarrant County, Tex., July 12, 2019) (same); *Lopez v. Collins*, No. 348-271346-14, 2015 WL 12567407, at *1 (348th Dist. Ct., Tarrant County, Tex., Oct. 2, 2015) (same); *Miles v. Allstate Fire & Cas. Ins. Co.*, No. 19-DCV-269503, 2020 WL 5940076, at *1 (458th Dist. Ct., Fort Bend County, Tex., Apr. 20, 2020) (denying motion to strike Schieber's controverting affidavit); *Carillo v. Morrison*, No. 352-286524-16, 2018 WL 8193416, at *1 (352nd Dist. Ct., Tarrant County, Tex., June 19, 2018) (same); *Vickery v. Therrien*, No. 342-288290-16, 2017 WL 10187357, at *1 (Tarrant County, Tex., Dec. 7, 2017) (same); *Payne v. Luthe*, No. DC-19-02920, 2020 WL 5035954, at *1 (193rd Dist. Ct., Dallas County, Tex., Jan. 28, 2020) (denying motion to strike Guitreau's controverting affidavit); *Cortez v. Republic Servs., Inc.*, No. 048-305895-19, 2019 WL 8955750, at *1 (48th Dist. Ct., Tarrant County, Tex., Aug. 20, 2019) (same); *Darden v. Allstate Fire & Cas. Ins. Co.*, No. 153-297363-18, 2019 WL 6299068, at *1 (153rd Dist. Ct., Tarrant County, Tex., Feb. 8, 2019) (same); *Orellana v. Torrence*, No. 17DCV239705, at *1 (240th Dist. Ct., Fort Bench County, Tex., Dec. 6, 2018) (same).

Allstate did not argue that "somehow the ability to seek sanctions precludes the filing of this lawsuit[.]" Resp. 5. Instead, Allstate argued that because Estes Law Firm bases the entirety of its claims on purportedly "improper" counteraffidavits filed in *prior lawsuits* in Texas state courts, any claims that such affidavits were "improper and illegal" and "meant to harass" should have been filed in the same case in which the allegedly improper counteraffidavit that caused the harm was served in the interest of finality and under the doctrine of preclusion. (Doc. 9 at 19) The degree that Texas law would enable a plaintiff's motion for sanctions to be successful (*see* Resp. 5–6) is not at issue nor cures Estes Law Firm's failure to state a viable claim. Instead, the central point is that the Estes Law Firm's claims contravene the interests of finality and preclusion by seeking damages from an allegedly improper controverting affidavit by filing a later, entirely separate lawsuit alleging damages resulting from the affidavit filed in the earlier suit. Doc. 9 at 19–25 (authorities cited therein).

Further, Estes Law Firm's assertion that "the cases cited by Defendants refute their arguments" is inaccurate, and misapplies Allstate's authorities. Resp. 5. Estes Law Firm incorrectly describes cases that Allstate cites concerning challenges to defective affidavits *during the proceeding in which the affidavits* were at issue as inapplicable (Resp. 5), a myopic view that misses Allstate's argument. These cases support that it is viable and proper to challenge the sufficiency of an affidavit *during the original trial* where a party serves or files the affidavit. Doc. 9 at 20–21 (authorities cited). In addition, another two cases show that challenging the failure to fulfill the requirements of Section 18.001 can and should occur during the trial where parties employ Section 18.001 affidavits. Doc. 9 (authorities cited). Moreover, Estes Law Firm confirms the central point concerning *Flores v. Garcia*, No. 13-15-00047-CV, 2015 WL 5895087, at *7 (Tex. App.—Corpus Christi Oct. 8, 2015, no pet.): *Flores* involved "an order imposing sanctions

for filing a frivolous controverting affidavit." Resp. 5. Although the order was overturned on appeal (for failure to fulfill the particularity requirement of sanction rule and statute), *Flores* confirms that the time to seek redress for a purported abuse concerning a controverting affidavit is during the proceeding where the affidavit was served. *Flores*, 2015 WL 5895087, at *7–8. Further, *Flores* disproves Estes Law Firm's contention that "no courts are going to impose sanctions for a one-time filing of improper controverting affidavits[.]" Resp. 5.

Additionally, Allstate already addressed Estes Law Firm's contention that no sanctions would be available against Allstate or Counteraffiants in the underlying lawsuit because they are not parties in those cases. Resp. 5–6. As stated in Allstate's Motion (Doc. 9 at 23–24), how Estes Law Firm pled its claims and defined its class acknowledges that the underlying cases were "against Allstate and Allstate's counsel." (Pet. ¶11; *see also* Pet. ¶¶23–39 (repeatedly asserting that Allstate "hires" Counteraffiants). As a result, any claims for damages or sanctions (including attorney's fees sought by Estes Law Firm in this case) for allegedly improper counteraffidavits should and should have been sought "against Allstate and Allstate's counsel" in the original, underlying cases. Doc. 9 at 24. Moreover, Estes Law Firm's argument that the Counteraffiants cannot be sanctioned as non-parties underscores Allstate's position that Estes Law Firm's bringing this lawsuit contravenes the "litigation privilege" that protects Counteraffiants as witnesses from subsequent suits challenging their conduct in prior litigation. Doc. 9 at 25

**IV.** **Estes Law Firm's contention that the judicial proceeding privilege does not apply lacks merit.**

Without citing any authority, Estes Law Firm argues that its "allegations do not implicate the litigation privileges" because it does not challenge "the contents of any of the controverting affidavits" or allege that "Defendants were fraudulent in what they wrote in the controverting affidavits filed with the court" and instead "alleged fraud for the hiring of Chapman, Guitreau, and

8

Schieber and the representation that these so-called experts were qualified[.]" Resp. 9. Not only does Estes Law Firm's argument understate (and essentially discount) the fact that it has alleged claims against the individual Counteraffiants, it also contradicts its pled claims that the Counteraffiants misrepresented their qualifications through the very act of filing a counteraffidavit, irrespective of the accuracy and truthfulness of each affidavit. *See* Pet. ¶41 ("By filing controverting affidavits, Defendants made representations to Plaintiff and all Class Members claiming that Chapman, Guitreau, and Schieber were qualified to prepare controverting affidavits.").

While Allstate vehemently disputes, and has shown to the contrary, that the Counteraffiants were unqualified to render counteraffidavit testimony under section 18.001, it is important to reiterate that Estes Law Firm's true complaint addresses its ability to take advantage of a hearsay exception in Texas state courts. Estes Law Firm cannot, and did not, challenge the accuracy or truthfulness of each Counteraffiant's counteraffidavit, nor can it in good faith. The fact that some trial courts have stricken the Counteraffiant's counteraffidavits in *some* cases in the past thereby permitting a personal injury plaintiff to take advantage of Section 18.001's hearsay exception is a purely discretionary decision regarding evidentiary procedure in each underlying trial court.

Second, Estes Law Firm cites the dissenting opinion in *Cantey Hanger, LLP v. Byrd*, 467 S.W.3d 477, 492 n.7 (Tex. 2015) (Green, J., dissenting), for the assertion that the Texas Supreme Court had "recognized attorney immunity based on the judicial proceedings privilege only for defamation claims[.]" But as the majority opinion in *Cantey* states, the "judicial proceedings privilege" "is an independent doctrine serving independent purposes" from "attorney immunity" that "is not limited to attorneys, but covers 'any statement made by the judge, jurors, counsel, parties, or witnesses, . . . including statements made in open court, pre-trial hearings, depositions,

9

affidavits, and any of the pleadings or other papers in the case." *Id.* at 485 n.12 (quoting *James v. Brown*, 637 S.W.2d 914, 916–17 (Tex. 1982)). As stated, the judicial proceedings privilege applies to Counteraffiants, and bars the claims Estes Law Firm asserts against them in this suit.

V. **Estes Law Firm fails to controvert that it cannot recover the "time and expense" that it seeks as damages.**

Estes Law Firm alleges meritless arguments in an effort to address its improper pleading for damages that contravenes the American Rule. First, it strives to downplay that its pleading for alleged "time and expense" by "lawyers" to "file motions to strike the controverting affidavits" and "in deposing the plaintiffs' doctors and bringing them live to trial" seeks their attorney's fees (their time and work) for challenging allegedly improper counteraffidavits. Resp. 17; *see* Pet. ¶¶28, 33, 39. Instead, it argues that it is also seeking fees and expenses for filings and witnesses. Resp. 17. But "under the 'American Rule, a prevailing litigant may not ordinarily recovery either attorney's fees or non-taxable litigation expenses or costs" in the absence of a statute or contract permitting fee-shifting. *Cajun Servs. Unlimited, LLC v. Benton Energy Serv. Co.*, No. 17-491, 2020 WL 3755969, at *3 (E.D. La. Jan. 23, 2020) (citing *Alydeska Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240, 247, 257, 260 (1975); *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 445 (1987)).

In addition, Estes Law Firm asserts the meritless position that "[t]he American Rule does not preclude damages"—its sought "time and expense" by "lawyers" (Pet. ¶¶28, 33, 39)—"in this case" because this suit involves a different "wrongful act" than was involved in the underlying suit. Resp. 7–8. But Estes Law Firm misapplies *Summit Valley Industries, Inc. v. Local 112, United Brotherhood of Carpenters & Joiners of America*, 456 U.S. 717, 726 (1982), which declined to recognize an "exception to the American Rule" concerning whether "successful litigants could recover their attorney's fees in subsequent actions[.]"

**VI.  Estes Law Firm's request for leave to amend its complaint is insufficient under Rule 15(a) and, even if it was sufficient, the request fails because any amendment would be futile.**

Estes Law Firm requests that, if this Court "finds that Defendants' Motion[s] to Dismiss have merit[,]" it "respectfully requests leave to amend." Resp. 8. Its request fails. First, Estes Law Firm's request to amend is "insufficient to constitute a motion to amend under Rule 15(a)." *Parham v. Clinton*, 374 Fed. App'x 503, 506 (5th Cir. 2010) (concluding request insufficient when party "never filed a motion to amend their complaint pursuant to Rule 15(a) but merely stated in their response to Appellees' motion to dismiss that 'should the Court find that Plaintiff's [sic] pleadings fail to fully notice Defendant [sic] of Plaintiff's [sic] complaints, Plaintiff [sic] requests leave to amend Plaintiffs' [sic] pleadings to more fully develop the issues before the court); *see* FED. R CIV. P. 15(a) (allowing amendment "when justice so requires"). "A 'bare request in an opposition to a motion to dismiss—without any indication of the particular grounds on which the amendment is sought . . . does not constitute a motion within the contemplation of Rule 15(a).'" *Id.* at 505 (quoting *U.S. ex rel. Willard v. Humana Health Plan of Tex. Inc.*, 336 F.3d 375, 387 (5th Cir. 2003)).

Second, where, as here, "'the proposed amendment would be futile because it could not survive a motion to dismiss[,]'" the Court "may properly deny leave to amend[.]" *Melancon v. Carnival Corp.*, 835 Fed. App'x 721, 727 (5th Cir. Nov. 6, 2020) (quoting *Rio Grande Royalty Co. v. Energy Transfer Partners*, 620 F.3d 465, 468 (5th Cir. 2010)); *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002) (opportunity to amend unwarranted when "clear that the defects are incurable"). Amendment would be futile in this case because, as established above, Estes Law Firm's fraud claim (and therefore derivative injunctive and declaratory relief claims) fail as a matter of law because Estes Law Firm's contention that

11

Defendants made a false representation that Counteraffiants were qualified fails as a matter of law. *See JPMorgan Chase Bank, N.A. v. Orca Assets G.P., L.L.C.*, 546 S.W.3d 648, 653 (Tex. 2018).

**PRAYER**

For the foregoing reasons, Allstate respectfully requests that the Court dismiss Estes Law Firm's Second Amended Petition in its entirety with prejudice under Federal Rule of Civil Procedure 12(b)(6).

Respectfully submitted,

THOMPSON, COE, COUSINS & IRONS, L.L.P.


By: */s/ Roger D. Higgins*
    Roger D. Higgins – Attorney in Charge
    State Bar No. 09601500
    Federal ID No. 33282
    Elizabeth Lee Thompson
    State Bar No. 00788290
    Federal ID No. 3395610

700 North Pearl Street, 25th Floor
Dallas, Texas 75201
Telephone: (214) 871-8200
Facsimile: (214) 871-8209
E-mail: rhiggins@thompsoncoe.com
E-mail: lthompson@thompsoncoe.com

Raymond M. Kutch
State Bar No. 24072195
Federal ID No. 1117857
THOMPSON, COE, COUSINS & IRONS, L.L.P.
One Riverway, Suite 1400
Houston, Texas 77056
Telephone: (713) 403-8210
Facsimile: (713) 403-8299
E-mail: rkutch@thompsoncoe.com

COUNSEL FOR ALLSTATE FIRE AND
CASUALTY INSURANCE COMPANY

## CERTIFICATE OF SERVICE

This is to certify that on May 3, 2021, a true and correct copy of the foregoing was delivered to the following counsel of record via E-service:

Rusty Hardin
rhardin@rustyhardin.com
Daniel R. Dutko
ddutko@rustyhardin.com
Ryan Higgins
rhiggins@rustyhardin.com
RUSTY HARDIN & ASSOCIATES LLP
5 Houston Center
1401 McKinney Street, Suite 2250
Houston, TX 77010
Telephone: (713) 652-9000
Facsimile: (713) 652-9800
*Counsel for Plaintiff*

>*/s/ Roger D. Higgins*
>Roger D. Higgins